## Buckley's Adm'x. v. City of Covington.

(Decided May 18, 1911.)

### Appeal from Kenton Circuit Court (C. C. L. & E. Division).

Master and Servant—Injury to Servant—Safe Place to Work—In a suit by a servant against the master to recover for an injury on the ground that the master did not furnish the servant a reasonably safe place to work, the petition is not sufficient unless it is averred that the master knew or by ordinary care should have known that the place was unsafe and that the servant did not know of the danger.

S. D. ROUSE and CHARLTON B. THOMPSON for appellant.

JNO. E. SHEPARD for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON— Affirming.

Violet Buckley, as administratrix of Thomas Buckley, brought this suit against the city of Covington to recover damages for his death. The petition, omitting the formal parts, is in these words:

"On or about September 14, 1909, said decedent, Thomas S. Buckley, was in the employment of the defendant, the city of Covington, and was under said employment, engaged in repairing certain cisterns known as fire cisterns, in said defendant city, which cisterns were owned, maintained and used exclusively by defendant city. Said decedent was so employed especially for

said purpose alone through the board of police and fire commissioners of the defendant city,' which board acted for and on behalf of thè defendant, and had control and supervision óver said cisterns. On or about said 14th of September, 1909, while engaged as aforesaid, said decedent entered a certain fire cistern for the purpose of repairing same, which cistern was among those which he was employed to repair, and was located at or near the intersection of Fourth and Scott streets in said city, and was owned, maintained and used exclusively by the decedent as aforesaid. Upon entering said cistern, said decedent was immediately overcome by sewer gas or other gas which by the gross and wanton carelessness and negligence of said defendant, had been allowed to get in and accumulate in said cistern. Upon being so overcome said intestate fell unconscious and helpless to the bottom of said cistern where he lay for a period of minutes until he was rescued and taken to the surface of the street, when he shortly died of asphyxiation, as the direct and proximate result of said sewer gas or other gas which had been allowed to get in and form and accumulate in said cistern by the gross and wanton negligence of the defendant, as aforesaid. Plaintiff says that the killing of said Buckley was the direct result of the gross and wanton carelessness and negligence of the defendant as aforesaid.''

The circuit court sustained a general demurrer to the petition, and the plaintiff failing to plead further, dismissed the action. The plaintiff appeals.

It will be observed that it is not averred in the petition that the city knew that the cistern was unsafe or dangerous or by ordinary care should have known this. It is not averred that the decedent did not know of the dangerous condition of the cistern or that its condition was such that by ordinary care he should not have known it. The petition can only be sustained upon the idea that the city did not furnish the decedent, while in its employment, a reasonably safe place to work. But to be good on this ground the petition must contain the averment that the master knew of the dangerous condition or by ordinary care should have known it, and that the servant did not know of the danger. In the case of L. & N. R. R. Co. v. Irby, 141 Ky., 151, collating a number of authorities on the subject, we said:

"All the common law authorities and the decisions of this court agree that the general rule is that when a person sues the master to recover damages for injuries received by being put to labor in an unsafe place or with defective appliances, he must, to state a good cause of action allege that he did not know that the place was unsafe or that the appliances were defective."

The facts stated in the petition are not sufficient to fasten any liability upon the city. A general charge of negligence, as pointed out in the case referred to, is not sufficient in cases of this character. The circuit court did not err in sustaining the demurrer to the petition. The conclusion we have reached makes it unnecessary for us to consider the other questions discussed by counsel.

Judgment affirmed.