## Dickerson v. Bornstein & National Concrete Construction Co.

(Decided May 31, 1911.)

### Appeal from Jefferson Circuit Court

### (Common Pleas Branch, First Division).

Damages—Hidden Danger—Absence of Warning—Pleading—In an action to recover damages by a person invited upon the premises and not warned of a hidden danger, the facts imposing the duty should be stated, and there can be no recovery in such a case under an allegation that the plaintiff was on the premises as a servant of the defendant, when in fact he had not been employed and was there seeking employment.

EDWARDS, OGDEN & PEAK for appellant.

M. A., D. A. & J. G. SACHS, BENNETT H. YOUNG and MARION W. RIPY for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON— Affirming.

The Haldeman Warehouse Company erected a warehouse on Green street between Third and Fourth streets in Louisville. It let the contract for the construction of the house to the National Concrete Construction Company, and it sublet the brick work to Jacob Bornstein.

On March 8, 1908, when several stories of the building were up, and work was going on in the third and fourth stories, Bornstein directed one of his employes to telephone to the hod carriers union for two men. Wash Dickerson was there and receiving the message, went to the house seeking employment. He met the man whom Bornstein had told to send the message, and was directed by the man to go up on the third floor where the foreman was who would tell him whether he wanted him or not, this being the instruction which Bornstein had given. The man also directed Dickerson to a ladder which was in sight and told him to go up the ladder. This ladder was in an elevator shaft and was resting on some joists that had been placed across the elevator shaft. It was a bricklayer's ladder used by Bornstein's men in going up in the building, and by other persons who wished to go up. The ladder was broad at the base and in order for the feet of the ladder to rest on the joists they had been placed some little distance apart, the space between them being left open. But that morning the carpenters of the Construction Company who were at work in the fourth story had thrown down the elevator shaft a lot of trash and the like and this had lodged across the two joists, thus concealing from Dickerson the fact that there was no floor there. In going to the ladder, he walked upon this trash and fell through the hole to the cellar, receiving painful injuries to recover for which he brought this suit against Bornstein and the Construction Company. At the conclusion of the evidence on his behalf which showed these facts, the court instructed the jury to find for the defendants, and his petition having been dismissed, she appeals.

The ruling of the court was based upon the ground that the proof did not warrant a recovery under the allegations of the petition. The cause of action was stated in the petition in these words:

"He states that the defendants, Jacob Bornstein and the National Concrete Construction Company, were building and constructing a building on Green street between Third and Fourth streets known and called the Haldeman new public warehouse, and that this plaintiff was engaged at labor as a day laborer in carrying a hod in and about the work of constructing said building, and while so engaged at said labor he was by the gross negligence and carelessness of the defendants, and each of

them, thrown and precipitated from a ladder down an elevator shaft whereby he was seriously and permanently injured upon his body and arms and seriously and permanently injured internally, and seriously and permanently injured in his hand, from all of which injuries he suffered great physical and mental pain and anguish and will so continue to suffer for the remainder of his life, and that his ability to labor and earn money was and is permanently impaired.''

It will be observed that it is alleged in the petition that plaintiff was engaged as a day laborer in the work of constructing the building, and while so engaged at labor he was by the gross negligence of the defendants thrown from a ladder down an elevator shaft. The proof, however, failed entirely to show that he was engaged at labor in the work of constructing the building. Bornstein's man had simply telephoned to the union that they needed two more men. He had not employed or attempted to employ Dickerson. When Dickerson came he told him to go to the foreman, and while on his way to the foreman, he was hurt. He had not been employed when he was hurt, but was at the building seeking employment. The relation of master and servant did not exist. It is true he was at the building by invitation and was attempting to go up on the ladder by the direction of the man who had telephoned for him to come. But this fact did not show any right to recover under the allegations of the petition.

When the motion for a peremptory instruction was sustained on the ground above stated, Dickerson tendered an amended petition, but the court refused to allow it filed. He insists that this was error and that the court should have allowed the petition amended to conform to the proof. But the amendment was not sufficient to warrant a recovery, and not being sufficient the court did not err in refusing to allow it filed. While it is alleged in the amended petition in substance that Dickerson had gone to the building in search of work, and was directed to go to one of the upper floors by means of the ladder, and it is not alleged that the defendants or their servants knew of the danger or by ordinary care should have known it, or that they failed to warn him of it, or that he was ignorant of the danger. The gist of the cause of action as shown by the evidence is

that Dickerson came to the building in response to an invitation looking for work and was directed by the man who invited him, to go up on the ladder and see the foreman; that this man sent Dickerson into a place of danger without warning of the danger, and thus negligently brought about his injury. But the essential facts to impose any liability upon the defendants are not averred in the pleading. (L. & N. R. R. Co. v. Irby, 141 Ky., 145; Monroe v. Standard Manufacturing Co., 141 Ky., 549; Buckley v. City of Covington, 143 Ky., 717.) The petition as amended contained no averments to the effect that the danger was known to the master or to the servant who invited him to use the ladder, or should have been known to him by the exercise of ordinary care; or that it was unknown to the plaintiff or that the servant failed to warn him of it, knowing that he was ignorant of the danger or having reason to know this. The plaintiff was not hurt as the direct result of any act of the servant. The sum of the case is the defendant's inviting him into a place of danger without warning. The cause of action rests upon a failure to discharge a duty imposed by law. The facts imposing the duty must be stated so that on the face of the pleading, the court may see that there was a violation of duty.

Judgment affirmed.