## Chesapeake & Ohio Ry. Co. v. Collinsworth

(Decided February 12, 1913.)

### Appeal from Floyd Circuit Court.

Railroads—Action for Damages Because of Ejectment from Train—Pass to Shipper of Stock—Custom—Pleading.—It appears there is a custom which permits the owner under some shipping contracts to accompany his stock, but appellee's allegation in his petition that under the law he had a right to a pass was a pure conclusion, and he having failed to set up any custom giving him the right, or the nature of the contract under which he claimed the right, the demurrer to his petition in his action for damages for his ejectment from the train should have been sustained. Had the petition been good, under the provisions of section 131, Civil Code, its allegations were so variant from the facts shown in evidence, as that there was a total failure of proof.

WALTER S. HARKINS and JOSEPH D. HARKINS, for appellant.
MAY & MAY, for appellee.

OPINION OF THE COURT BY JUDGE TURNER—Reversing.

Appellee filed this action against appellant alleging that on the 9th day of October, 1909, he shipped over appellant's road a carload of live stock, and that appellant issued him therefor its bill of lading showing same was to be shipped from Beaver Creek Station to Louisa, in this state, and that he paid the usual freight charges therefor.

That under the law, he (plaintiff) had the right to a drover's pass and carriage on board said train as a passenger, and was invested with all the legal rights of a passenger thereon; that he boarded the train, and that appellant through it agents and employes, unlawfully and without right, by force and intimidation, and by threats of violence, ejected him therefrom in the presence of divers persons, whereby he was greatly humiliated, and prayed damages in the sum of One Thousand ($1,000) Dollars.

Appellee based his whole cause of action upon the allegation that he had a right, as a matter of law, to a drover's pass on the freight train, by reason of his shipment of the carload of stock.

Appellant answered denying the material allegations of the petition, first however, having demurred thereto.

The evidence discloses that when appellee applied for a live stock contract, the agent informed him that he had no blanks of that kind, but gave him in lieu thereof, a bill of lading for his cattle; whereupon appellee asked him for a pass to accompany his stock on the freight train, and appellee testifies that the agent told him that the bill of lading was sufficient and would authorize him to go on the freight train. But when the bill of lading was presented to the conductor on the freight train, there was nothing to show that appellee had a right to accompany his stock, and he was ejected from the train.

The instructions of the court were based wholly upon this verbal contract between appellee and the agent. Appellant at the close of appellee's testimony, and again at the close of all the evidence, asked the court to give peremptory instructions to find for the defendant.

We are aware of no rule of law which gives one a right to a pass on a freight train because he has a shipment of stock thereon, but it appears there is a custom which permits the owner under some shipping contracts to accompany his stock.

Appellee's allegation in his petition that under the law he had this right was a pure conclusion, and he having failed to set up any custom giving him the right, or the nature of his contract under which he claimed the right, the demurrer to the petition should have been sustained.

His right of action as shown in the evidence grew out of his verbal agreement with the agent. Even if his petition had been good, under the provisions of Section 131 of the Civil Code, its allegations in their general scope and meaning were so widely variant from the facts disclosed in the evidence, as that there was a total failure of proof.

Upon the return of the case, appellee will be permitted to amend his pleadings, if he so desires.

Judgment is reversed for further proceedings consistent herewith.