### Continental Coal Corporation, et al. v. York's Administrator.

(Decided June 2, 1914.)

### Appeal from Bell Circuit Court.

1. **Master and Servant—Master's Liability for Injuries to Servant—Risks Assumed by Servant—Statutory Provisions.**—Kentucky Statutes, Section 2739b, sub-section 7, imposes upon coal operators the peremptory and non-delegable duty of furnishing props to the miners; and for injures resulting from the failure of the master to furnish such props, the servant may recover, unless the danger of working in the place wherein he was injured was so imminent and obvious that an ordinarily prudent person would not have worked therein.

**2.** **Master and Servant—Master's Liability for Injuries to Servant—Contributory Negligence—Actions—Evidence.**—Where a coal miner was killed by a fall of slate from the roof of a room wherein he was mining coal, while working under a piece of slate which he had tried to take down, but which he was unable to pull down, after which he put under the visible end of the slate the only prop available, other props which he had ordered not having been delivered, and then proceeded to mine the coal back over which the slate extended, as a result of which work the slate fell upon him, held, that as there was no manner of knowing how far back the slate extended over the coal, it was for the jury to say whether the servant was negligent.

D. B. LOGAN, A. W. BABBAGE for appellants.

CHARLES I. DAWSON, J. G. ROLLINS for appellee.

OPINION OF THE COURT BY JUDGE HANNAH—Affirming.

This is an action brought in the Bell Circuit Court by Andy York's Administrator against the Continental Coal Corporation, E. E. Hughes, its mine foreman, and Charles Ledford, a driver in the employ of the company, to recover damages for the death of plaintiff's intestate, who was killed by the falling of slate in the mine of defendant corporation.

Upon the trial of the action, the circuit court directed the jury to find a verdict for the defendant, Hughes; and as against the defendant corporation and defendant Ledford, submitted the case to the jury, which returned a verdict in favor of plaintiff in the sum of four thousand dollars. Defendants appeal.

It was shown by the evidence that plaintiff's intestate was thirty-four years of age at the time of his death, and a coal miner of some two or three years' experience. He was employed by defendant company in its mine known as the Geraldine, and was engaged in mining the coal from a double room which had been formed by the removal of a portion of the pillar between Rooms 32 and 34, after they had been driven back some sixty feet.

Near the face of the coal in this double room there was a large piece of slate in the roof, which extended back over the body of the coal. Andy York and his "buddy," the miner with whom he worked, on Saturday exploded a shot near this piece of slate, and then ceased work for that day.

On the following Monday, before entering the mine, in accordance with the custom in force at that mine,

they selected and laid out some props at the mouth of the mine close by the track, and marked them in such manner as to indicate to the driver of the mules used in drawing the coal buggies, where the props were to be delivered and by whom they were wanted, it being the duty of the driver in such case, under the custom prevailing at that mine, to haul the props in and to deliver them at the neck or mouth of the room in which the miner was working, who had selected and laid them out.

After doing this, they went on into the mine and to the double room mentioned and began their work. Just before the noon hour, they exploded a shot near the piece of slate mentioned; and upon their return to the room, after dinner, finding that the slate had not yet fallen, they endeavored to pull it down by the use of a pick, and failing in that undertook to force it down with a wedge, but were unsuccessful in their efforts.

There was but one prop in the room at that time, the driver having failed to bring in the props they had laid out as above mentioned; and that one prop they placed under the piece of slate, and York proceeded to work thereunder. He had not worked long until the slate fell and killed him.

It was shown in evidence that between half an hour and an hour before York was killed, he drew the attention of the driver to the fact that the props laid out that morning had not yet been delivered; and that the driver said: "Yes, there is some timbers out there, and I ought to have had them in a long time ago," and promised to bring them in on his next trip. He did so, but unloaded them at the mouth of Room 34 when they should have been delivered at the mouth of Room 32, and that he failed to notify York and his companion of their delivery in accordance with the custom then in force, it being some distance from the mouth of the room to where they were working; and neither York nor his companion knew of their delivery at that point. It was further shown that the falling of the slate could have been prevented by the use of sufficient props, had they been available.

1. The statute (Kentucky Statutes, Section 2739b, sub-section 7) imposes upon the operator of a coal mine the peremptory and non-delegable duty of furnishing to the miners such props and caps as are necessary to make safe the roof of the miners' working place, when

request therefor is made; and a miner who is injured by the failure of the mine operator to perform this duty may recover damages for the injury sustained, unless the danger of working in the place where he was injured, was so imminent and obvious that an ordinarily prudent person would not have worked therein. Low v. Clear Creek Coal Company, 140 Ky., 754, 131 S. W., 1007, 33 L. R. A. (N. S.), 656; New Bell Jellico Coal Company v. Sowders, 154 Ky., 101, 156 S. W., 1046; Left Fork Coal Co. v. Owens' Admx., 155 Ky., 212, 159 S. W., 703; Interstate Coal v. Trivett, 155 Ky., 825.

2. It is contended by appellant that plaintiff's intestate was guilty of contributory negligence, and that the court erred in denying its motion for a peremptory instruction.

It contends that York could have worked in places other than the one in which he was killed. This was shown by the evidence; but the mere fact that there were other places where he could have worked does not convict him of negligence.

We are not unmindful of the fact that in the case of Goins v. North Jellico Coal Company, 140 Ky, 323, 131 S. W., 28, the court said in the concluding sentence of the opinion: "He had other places where he could have worked in safety." But it was not held therein that that fact would convict of negligence. It was shown in that case that the servant did know that the roof was unsafe; that he made no effort to take down slate which he knew was loose, but undertook to support it by props.

If the danger of working in the place in which York was killed was not so apparent and impending that an ordinarily prudent person would have rejected the risk, then he was not guilty of negligence no matter how many other places he could have worked in; and, if the danger was so obvious and imminent that a person exercising ordinary prudence would not have worked therein, then he was negligent, whether there were other places where he could have worked or not.

3. But it is further contended by appellant that the piece of slate which York and his companion tried to pull down, (failing in which they propped it up with the one prop available) extended back over the body of the coal, and that it fell upon York because he loosened the coal under that part of the slate that extended back

over the coal. But, that end of the slate being unexposed, there was nothing to indicate how far back over the body of the coal that piece of slate extended, and the imminence of its falling was therefore a matter of uncertainty. Under these circumstances, it was for the jury to say whether York was negligent in loosening the coal under the unexposed end of the slate.

The issue of contributory negligence upon the part of the servant, as well as that of whether the failure of the master to furnish props was the proximate cause of the injury, were submitted to the jury under proper instructions; and the verdict, being supported by the evidence, will not be disturbed.

Judgment affirmed.