## Gainesboro Telephone Company v. Buckner.

(Decided October 30, 1914.)

### Appeal from Whitley Circuit Court.

1. Jurisdiction—Joint Action Against Telephone Companies—**Want of**—How Shown.—In an action of damages against two telephone companies for negligently delaying the delivery of a message, one of the companies having a residence and lines in the county where the action was brought, and being summoned therein, and where the other has not and was summoned in another county; and on the trial there is a non-suit as to the telephone company having a residence in the county of the action and summoned therein, the trial court is without jurisdiction to render a judgment against the other telephone company, not residing or summoned in the county where the suit is brought, unless it has, without properly objecting to the jurisdiction of the court, filed an answer setting up a defense on the merits. Objection to jurisdiction may be made by special demurrer to the petition, if on its face the want of jurisdiction is disclosed; but if not so disclosed the objection must be made by answer in the nature of a plea in abatement, or by motion to quash the summons and return; and if not made in either of these ways, and before the filing of an answer to the merits, the want of jurisdiction will be regarded as waived.

2. Telegraphs and Telephones—Negligent Delay in Delivery of Telephone Message—Variance—When Fatal.—Where, in an action against a telephone company to recover damages for its alleged negligence in delaying the delivery of a message informing the plaintiff of his mother's death and when she would be buried, the evidence on the trial showed that the undertaking on the part of the telephone company was not to transmit and deliver to the plaintiff a message, as alleged in the petition, but only to procure his attendance at a telephone office near his residence that the representative of his mother's family at the place of her death might, by conversation with him over the telephone, inform him of her death and the time of her burial, this difference between the allegations of the petition and the proof constituted a variance fatal to a recovery, which entitled the defendant to a peremptory instruction directing a verdict in its favor, as asked.

HENRY C. GILLIS for appellant.

R. L. POPE for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Reversing.

This action was brought in the Whitley Circuit Court by the appellee, J. H. Buckner, against the appellant, Gainesboro Telephone Company, and the Cumberland

Telephone & Telegraph Company, seeking to recover of them damages alleged to have been caused appellee by their negligence in so delaying the transmission and delivery to him of a message informing him of the death of his mother that he was unable to be present at her funeral or burial. The defendants severally answered, traversing the averments of the petition. Before filing its answer, however, the Gainesboro Telephone Company interposed a special demurrer to the jurisdiction of the Whitley Circuit Court, which was overruled. On the trial the jury, in obedience to a peremptory instruction from the circuit court, returned a verdict in behalf of the Cumberland Telephone & Telegraph Company, upon which judgment was entered dismissing the action as to that company. A like instruction was asked by the appellant, Gainesboro Telephone Company, at the conclusion of the appellee's evidence and again after the introduction of all the evidence, but the instruction was refused by the court. The trial as to the latter company resulted in a verdict and judgment in favor of appellee and against it for $500.00. It was refused a new trial and has appealed.

When his action was instituted the appellee's place of residence was at Wofford, a mining village in Whitley county, at or near which a coal mine known as the Peerless is located, and he was employed in this mine as a check weighman. The appellant has a telephone exchange at Burnside in Pulaski County and it maintains telephone lines in that county, but none of its lines are situated or operated in Whitley County, nor were they so situated or operated at the time of the institution of this action. One of its lines in Pulaski County extends from Burnside to the city of Somerset in that county, where it has connection with a line of the Cumberland Telephone & Telegraph Company which runs from Somerset by way of Williamsburg, Whitley County, to the office of the Peerless Coal Company near Wofford, Whitley County. The appellant also owns and operates a telephone line between Burnside, Pulaski County, and Sloan's Valley, a village in that county near Burnside. In order to transmit a message or carry on a conversation by telephone from Sloan's Valley, in Pulaski County, to or with any person at the office of the Peerless Coal Company near Wofford, Whitley County, it must be done from appellant's local office at Sloan's Valley through its Burnside exchange to Somerset, Pu-

laski County, thence over the line of the Cumberland Telephone & Telegraph Company from Somerset, by way of Williamsburg, Whitley County, to the office of the Peerless Coal Company near Wofford, Whitley County. So one at Sloan's Valley desiring to talk with appellee would have to obtain his presence at the office of the Peerless Coal Company, near Wofford, in Whitley County, and a message transmitted to him from Sloan's Valley through the agents of the two telephone companies would have to be delivered to him from the office of the Peerless Coal Company in Whitley County.

Appellee's mother, a resident of Sloan's Valley, Pulaski County, died between one and two o'clock, p. m., on Sunday, the sixth day of April, 1913, at that place. At the time of her death appellee was at his home at Wofford, Whitley County. At two o'clock, p. m., on the same day, one George Lewis, a merchant at Sloan's Valley, and having a telephone in his store, at the request of a brother of appellee attempted by telephone to get in communication with appellee for the purpose of informing him of his mother's death and of the time of her burial. It was reported to him, however, that appellee could not be gotten at that time. On the following day, Monday, Lewis made a second attempt to get in communication with appellee, but was again told that his presence could not then be obtained at the Wofford end of the line, but that he could be talked with at five o'clock that afternoon. At five o'clock Lewis again tried to get in communication with appellee, and subsequently renewed the attempt two or three times that evening, but without success. On Tuesday, April 8th, at eight or nine o'clock, a. m., Lewis received information that appellee was at the telephone at Wofford and would talk with him, and he did then have a conversation with appellee over the telephone, in which he informed him of the death of his mother; that her burial would take place at three o'clock Tuesday afternoon, April 8th, and that the family desired his attendance at the burial. The burial of appellee's mother did take place on Tuesday afternoon at three o'clock, but he did not arrive at Sloan's Valley until Wednesday morning, the day following the burial.

Appellant's first complaint is as to the jurisdiction of the circuit court. It is undoubtedly true that a telephone company is a common carrier; that is, a carrier of intelligence, engaged in a public service. (Lou. Home

Telephone Co. v. Beeler, 125 Ky., 366; Jones v. Cumberland Tel. & Telg. Co., 140 Ky., 165), and the venue of actions against common carriers is fixed by section 73, Civil Code. A suit against a common carrier must, as therein provided, be brought in the *county in which it resides,* or in which a contract with it to *carry property* is made, or in the county in which the carrier agrees to *deliver the property;* or if the action lie for *injury to the person,* in the county in which the *injury 'occurred,* or in which the plaintiff resides, if he resides in a county *into which the carrier passes.* This is not an action for a personal injury, nor upon a contract to carry or deliver *property;* but upon an alleged contract to carry and deliver a *message,* which is not property; so the thing contracted for was to perform a service. It is admitted that none of appellant's lines run into or are operated in Whitley County; that it has neither exchange nor office in that county, and that it has no agent therein.

It can not be claimed that section 72, Civil Code, gave the circuit court jurisdiction, for, though it applies to corporations generally, it expressly excludes common carriers; and, as said in Harper v. N., N. & M. V. Ry. Co., 90 Ky., 359, to hold that the venue of the action is controlled by section 72, "would result in leaving section 73 without any meaning or application whatever, and, moreover. violate a well settled and entirely reasonable rule of construction." Eichorn v. L. & N. R. Co.. 112 Ky., 338.

It is, however, argued by counsel for appellee that the appellant was jointly liable with the Cumberland Telephone & Telegraph Company for the injury sued for, and as the latter has its residence in Whitley County a joint action against the two was permissible both under sections 73 and 78, Civil Code, which gave the Whitley Circuit Court jurisdiction of the appellant though summoned out of the county. Section 78 provides:

"An action which is not required by the foregoing sections of this article to be brought in some other county may be brought in any county in which the defendant, or in which one of several defendants, who may be properly joined as such in the action, resides or is summoned."

Section 80 provides: "In an action brought pursuant to section 78, against several defendants, no judgment

shall be rendered against any of them, upon the service of a summons out of the county in which the action is brought, if no one of them be summoned in that county, nor resided therein when the action was commenced; nor if the action be *discontinued or dismissed* as to the defendant who resided, or was summoned, in that county; nor if judgment be rendered *in his favor,* unless a defendant summoned out of that county make defense *without objecting to the jurisdiction of the court. Provided,* That a judgment for a defendant, who resided or was summoned in that county upon a plea of his discharge as a bankrupt, shall not prevent a judgment against any other defendant, in an action brought before the commencement of the proceedings in which the discharge was obtained; but after such judgment, upon a plea of discharge in bankruptcy, a defendant not summoned in the county, nor residing therein at the commencement of the action, may, by answer, deny the liability of such bankrupt. The issue as to the original liability of such bankrupt shall be tried as if he were still a party, and the plaintiff shall not have judgment against the defendant not summoned nor residing in the county, unless it be decided that the bankrupt was originally liable."

Sections 78 and 80 both apply to actions against common carriers, as well as other persons, but when the jury under a peremptory instruction from the circuit court returned a verdict for the Cumberland Telephone & Telegraph Company, and the judgment, entered thereon, dismissed the action as to that company, it would, as declared by section 80, *supra,* have had the effect to deprive the court of jurisdiction to render judgment against appellant, the defendant summoned out of Whitley County, but for its having failed to properly object to the jurisdiction of the court. In other words, where in an action authorized by section 78, Civil Code, the action as to the resident defendant is, for any cause, dismissed, or judgment therein goes in his favor, the court loses jurisdiction of the defendant residing out of the county, unless the want of jurisdiction is waived. Bryant v. Jones, 138 Ky., 472; Meguiar v. Rudy, 7 Bush, 432.

Jurisdiction of the person, unlike that of the subject matter, may be waived. If the want of jurisdiction as to either is shown on the face of the petition or other pleading, the objection that the court is without jurisdiction, may be made by filing a special demurrer to the pleading; but if the want of jurisdiction is not thus

shown, the filing of the special demurrer will not raise the question; it must in such case be presented by the answer of the objecting defendant, in the nature of a plea in abatement, or by motion to quash the summons and return.  C. & O. Ry. Co. v. Heath's Admr., 87 Ky., 656.  In Newport News, &c., Co. v. Thomas, 96 Ky., 613, it is said:

"It is ordained that objections to the jurisdiction of the court, or to the competency of the parties, are matters pleadable in abatement only, and that if after such matters relied on, a defense be interposed in bar, and going to the merits of the controversy, the grounds alleged in abatement become thereby immaterial, and are waived.  This is the universal practice in all courts so far as we are informed.  Any other rule would allow a defendant to experiment with the court and his opponent as to the merits of the case to no purpose."

In this case the court's want of jurisdiction of the person of appellant is not shown on the face of the petition, hence its objection to jurisdiction was not properly raised by the special demurrer to the petition, and as it was not made by a plea in abatement or motion to quash the summons and return, and its answer merely presented its defense on the merits of the case, whatever right it might have had to object to the jurisdiction of the circuit court was waived.

We are constrained, however, to sustain appellant's second contention, that the trial court erred in refusing it a peremptory instruction on account of the variance between the cause of action alleged in the petition and the facts developed by the evidence on the trial.  The petition of appellee alleges a contract to transmit and deliver a *message*.  The evidence shows merely an undertaking on the part of the appellant to furnish reasonable facilities or opportunity for a telephone conversation between Lewis at Sloan's Valley, or Sticler, acting in behalf of the Buckner family there, and appellee at Wofford, the object of which was to advise the latter of the death of his mother and time of her burial.  According to the evidence, no message was written or otherwise delivered to appellant for transmission or delivery to appellee.  The only undertaking required of appellant was to use reasonable diligence to get appellee to the Cumberland Telephone & Telegraph Company's line at the office of the Peerless mine, near Wofford, and this it only agreed to do.  There was considerable evi-

dence conducing to prove this undertaking by appellant, and also that it or the Cumberland Telephone & Telegraph Company, or both, so unreasonably and negligently delayed its performance that appellee was thereby prevented from seeing his mother before her burial, and prevented from attending the burial; but in view of the cause of action alleged in the petition, these facts did not authorize the recovery sought by appellee. Whether they would have done so, if they had been alleged as constituting appellee's cause of action, is not now decided, as that question is not here presented. The proof failed to sustain the cause of action relied on by appellee and constituted a variance, amounting to a failure of proof, fatal to his right of recovery, which authorized the non-suit demanded by appellant. Civil Code, section 131. In other words, appellee declared on one contract and a breach thereof, but was allowed to recover on an entirely different contract and different breach. In 9 Cyc., 750., it is said:

"The elementary rules of evidence require the contract set out to be substantially proved as stated, as this is essential to the establishment of the identity of the claim; and it is a well settled legal principle that a contract can not be had upon proof without corresponding allegations. And if the contract alleged is materially different from that offered in evidence, the plaintiff can not recover, for the contract must be rejected as evidence, in as much as the variance is fatal. A plaintiff is not allowed to declare on one cause of action and recover upon proof of another, because, if such variances are tolerated, however diligent the defendant may be, he can not so prepare his defense as to meet surprises."

The doctrine thus announced in Cyc. has been approved by this court in the following cases, and quite a number of others that might be cited: I. C. Ry. Co. v. Curry, 127 Ky., 652; Dickerson v. Bormstein & Nat. Co., 144 Ky., 19; C. & O. Ry. Co. v. Collinsworth, 152 Ky., 197. As appellant objected to the testimony tending to show the contract that was not alleged to have been made with it, there was no waiver of his right to demand the peremptory instruction refused by the court.

Because of the error committed by the trial court in refusing the peremptory instruction, the judgment is reversed and cause remanded for a new trial consistent with the opinion.