## Buckner v. Gainesboro Telephone Company.

(Decided February 24, 1916.)

### Appeal from Whitley Circuit Court.

1. Telegraphs and Telephones—Delivery of Message.—It is the duty of a telephone company to exercise ordinary care to transmit and deliver messages which it accepts and agrees to transmit, and if it should negligently fail to do so it is liable for the resultant damages; however, if the nature of the message is such as that special damages might result from a failure to deliver, the company must be notified of the nature of the message, or the facts from which special damages may be claimed.

2. Telegraphs and Telephones—Delivery of Message.—Where a telephone company was on one day asked to find or locate a party at a certain place and the party was not located at that place, but the company made prompt efforts to locate him there and failed, there is no liability for such failure.

3. Telegraphs and Telephones—Delivery of Message and Failure to Deliver.—Where on the next day the company was notified of the correct locality of the person, which was at a mine and it promptly communicated with the office at the mine and was notified that the person wanted was engaged at that time within the mines but would talk at five o'clock, such company is not liable for a failure of the person called to reach the person calling him when the message would have to pass over the lines of different companies and it is not shown whose fault, if anyones, prevented the communication to be had.

4. Trial—Evidence—Instructions.—Evidence and instructions examined and considered and no error prejudicial to the substantial rights of the plaintiff found.

ROSE & POPE for appellant.

H. C. GILLIS for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

Appellee, Gainesboro Telephone Co., operates a telephone system in Pulaski county, this State, with its central office at Burnside, in that county. At the time of the matters complained of herein, it operated a line from Burnside to Somerset, at which latter place it had connection with the system of the Cumberland Telephone & Telegraph Co. There was also a telephone line owned by it running from Burnside to a village in the country called Sloan's Valley.

On Sunday, April 6, 1913, the mother of appellant, who resided in Sloan's Valley, died at that place at about

two o'clock p. m.   There was a merchant in the village by the name of George C. Lewis who maintained a telephone in his store, .which belonged to appellee and was a part of its local system.   Directly after the death of appellant's mother, and between two and three o'clock on that day, the brother of appellant procured Mr. Lewis to try to communicate with the appellant so as to inform him of the death of his mother.   Lewis did the talking and he does not state what place he told the central office at Burnside that appellant could be found, but the testimony of the operator shows that Mr. Lewis informed her that appellant could be found near Pineville and that she endeavored to locate him at that place, but failed to do so for the manifest reason that he was not there. Mr. Lewis was promptly notified of this failure and after this the matter seems to have been abandoned until the next afternoon, which was on Monday, the 7th of April. Between two and three o'clock on that afternoon another attempt was made by Mr. Lewis to communicate with the appellant, but at this time he seems to have discovered that appellant was located at a place called Wofford, or near there, working for the Peerless coal Co., in Whitley county.   As a result of this effort on Monday, Mr. Lewis was notified that the appellant was at work in the mines and that he would talk with Sloan's Valley at five o'clock that afternoon.   The record shows that from Somerset in order to reach appellant a message would have to be sent over the lines of the Cumberland Telephone & Telegraph Co. to Danville, Ky., and from thence to Corbin, and from thence to Williamsburg, and from the latter place to Wofford, near which the mines were located.   At five o'clock on the afternoon of Monday, the 7th day of April, the appellant endeavored to call Burnside by calling Williamsburg, then Corbin, then Danville, and then Somerset, and from that place over the lines of appellee to Burnside.   He failed to make connection from some cause and abandoned all efforts to do so until the next morning, Tuesday, April 8, when he succeeded in getting connection over the lines with Sloan's Valley and learned that his mother was dead and that she would be buried at three o'clock that afternoon.   There is nothing to show whether he made any request for her body to remain unburied until he could get there or not; however, at about eleven o'clock a. m.

on that day, he started for the home of his mother, but failed to get there in time for the funeral.

On June 12, 1913, this suit was filed in the Whitley circuit court against both of the telephone companies,. seeking to recover from them $1,500.00 as. damages, it being alleged in the petition that the defendants contracted and agreed with Mr. Lewis, or appellant's brother as his agent, to notify him of the death of his mother, or to notify him of the nature of the message which the parties at Sloan's Valley desired to deliver to him and that they negligently failed to do either, by which he was prevented from attending the funeral of his mother and sustained the damages sued for. The defendants filed separate answers consisting of a denial of the allegations of the petition, and, upon a trial of the case, the court peremptorily instructed the jury to find for the defendant, Cumberland Telephone & Telegraph Co., but overruled the motion of appellee, Gainesboro Telephone Co., to direct the jury to find for it, and a verdict was returned in ·favor of appellant against it for the sum of $500.00, upon which judgment was rendered, and which judgment, upon appeal to this court, was reversed on October 30, 1914, the opinion being reported in 160 Ky., 604. Upon the filing of the mandate from this court in the lower court, the appellant filed an amended petition against appellee in which the allegations of the petition were rehearsed, and further alleged that it was the duty of appellant to have and maintain a physical con-.nection between its system and that of the Cumberland Telephone & Telegraph Co. at Somerset and to make diligent efforts to get appellant to the 'phone at the Peerless mines so that he could communicate with his people at Sloan's Valley, and that the appellee had negligently failed to do these things, resulting in the injury and consequent damages sued for.

At this point it might be mentioned that an amended answer of substantially the same character was offered at the first trial, but the court refused to permit it to be filed, to which ruling the appellant excepted, but he does not seem to have pressed this point upon the first appeal. At any rate, the judgment was not reversed because of this ruling of the trial court. There does not seem to have been any reply to the amended petition filed upon a return of the case, either by a separate pleading or an order of court, and it is urged for reversal

that the court should have entered a judgment in favor of the appellant notwithstanding the verdict of the jury.

Waiving the question as to the appellant's right to re-offer this amendment after the question had been determined against him on the first trial, and which ruling of the court was not molested on the first appeal, it fully appears that the case was tried the last time as though the allegations of the amendment were denied.

In the former opinion, after stating that the only undertaking on the part of the appellee, which the testimony tended to prove, was one to use reasonable diligence to get the appellee to the Cumberland Telephone & Telegraph Co.'s line at the office of the Peerless mine and that this was a different undertaking to the one set out in the petition, this court said:

"Whether they (the facts which the testimony tended to show on the former trial) would have done so (authorize a recovery), if they had been alleged as constituting appellee's cause of action, is not now decided, as that question is not here presented." The proof, in addition to the above, shows that the only message for which the appellant ever received any pay was the one between the parties on Tuesday morning, April 8th, which we have referred to above.

The amended petition filed after the return of the case contained nothing but substantially the averments in the original petition, together with those in the amendment refused to be filed on the first trial; and evidence was introduced by both sides upon the allegations made in them. Instruction number one given upon the last trial fully submitted the issues contained in the pleadings as to the undertakings of appellee, together with the duties imposed upon it by law in endeavoring to discharge them. Under this instruction and other appropriate ones the jury returned the verdict complained of.

It may be further said that the evidence fails to show to our minds that the appellee neglected to comply with any duty which it can be fairly said from the testimony it assumed. As seen, on Sunday afternoon it promptly reported that appellant could not be found at the place where it was then directed to inquire for him, and on Monday afternoon it secured the 'phone of the Cumberland Telephone & Telegraph Company at the Peerless mines, near Wofford, at once, and was informed that the

appellant would talk to parties at Sloan's Valley at five o'clock, which it promptly communicated to persons at the latter place, and there is nothing to show that it was in any wise negligent whereby appellant failed to get its office at Burnside on Monday night. The only message endeavored to be transmitted on Tuesday was promptly done.

Upon the whole case we are unable to find any error prejudicial to the substantial rights of appellant and the judgment is accordingly affirmed.