## Louisville Fire Brick Works v. Tackett.

(Decided May 23, 1924.)

### Appeal from Carter Circuit Court.

1. Master and Servant—Complaint Must Negative Servant's Knowledge of Danger.—Where negligence relied upon was alleged failure of master to furnish plaintiff a reasonably safe place in which to work, a demurrer should have been sustained to the petition, where it failed to allege plaintiff's want of knowledge of the dangerous condition.

2.  Pleading—Omission in Petition Cured by Waiver and Verdict, when Fact Proved and Submitted.—Failure of petition to allege employes' lack of knowledge of dangerous condition of place of work, and error of court in overruling a demurrer to the petition, was waived and cured, where defendant on cross-examination of plaintiff asked him if he did not know of the danger complained of, which he denied, and defendant then offered instructions submitting that question to the jury, and it was submitted in those given by the court.

3.  Master and Servant—Application of Safe Place Doctrine, where Danger Created by Servant.—The safe place doctrine does not apply ordinarily, where the danger is created by the servant in doing the work engaged to do, but such doctrine does apply, even where the danger is created by the servant in the progress of his work, if he is working under the direction of the master with either an express or implied assurance of safety.

4.  Master and Servant—Instruction on Issue of Whether Foreman Directed Work in Dangerous Place on Promise to Repair Held Required by Evidence.—Where plaintiff's evidence was that foreman promised to timber roof and directed plaintiff to load out fire clay already shot down, and defendant's evidence was that he told plaintiff to stay out until roof was timbered, jury should have been instructed on this issue, the real issue in the case.

FRED FORCHT and THEOBALD & THEOBALD for appellant.

WAUGH & HOWERTON for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Reversing.

This is an appeal by the defendant from a judgment for $6,000.00 for personal injuries, in favor of the plaintiff.

The negligence relied upon was the alleged failure of the defendant to furnish plaintiff a reasonably safe place in which to work, and the petition alleging defendant's knowledge of its dangerous condition fails to allege plaintiff's want of such knowledge. Under many decisions of this court the petition was defective because of this omission, and the court erred in overruling a demurrer thereto. Williams v. L. & N. R. Co., 111 Ky. 822, 64 S. W. 738; L. & N. R. Co. v. Irby, 141 Ky. 145, 132 S. W. 393; Buckley's Admrx. v. City of Covington, 143 Ky. 717, 137 S. W. 232; L. & N. R. Co. v. Stewart, 163 Ky. 164, 173 S. W. 757.

This error is confessed by counsel for appellee, who however, insist it was cured by the verdict. This latter question is the principal one in dispute upon this appeal.

In support of its contention that the error was not cured by the verdict, appellant relies chiefly upon the fol-

lowing statement in Drake's Admr. v. Semonin, 82 Ky. 291, 6 R. 341:

> "The better rule, and in fact the one recognized by all the elementary authorities on the subject of pleading, including Mr. Chitty, is that where there is a total omission to state a cause of action, or some fact essential to the cause of action has been *wholly* omitted, the verdict will not cure the defect."

This statement, however, is not supported by the reference to Chitty and is entirely out of line with the decided weight of authority in this state and elsewhere, as is clearly pointed out in section 909 of Newman's Pleading and Practice.  See also Hill v. Raglan, 24 Ky. L. Rep. 1058; Western Assurance Co. v. Ray, 105 Ky. 523, 49 S. W. 326; City of Henderson v. Smith, 104 S. W. 277; L. & N. R. Co. v. Miller, 154 Ky. 236; 157 S. W. 8; L. & N. R. Co. v. Burch, 155 Ky. 245, 159 S. W. 782; Williamson & P. C. R. Co. v. Charles' Admr., 168 Ky. 41, 181 S. W. 614; L. & N. R. Co. v. Dixon, 176 Ky. 569, 195 S. W. 1099.

Nor is counsel correct in saying that Drake v. Semonin is supported by Conn. Fire Ins. Co. v. Moore, 154 Ky. 18, 156 S. W. 867.  What that case holds, although citing the Drake case seemingly with approval, is that:

> "While we have been very liberal in applying the rule that a verdict will cure a defect in the pleadings, we have never gone to the extent of holding that where the petition fails to state a cause of action or some fact essential to the cause of action *and* there is neither an admission nor proof of this fact, nor a submission of the question to the jury, such defect in the petition will be cured by the verdict."

In the case at bar, defendant on cross-examination of plaintiff asked him over and over again if he did not know of the danger complained of, which he denied as often as asked about it.  Defendant later introduced witnesses on its own behalf in an effort to prove he did know of the dangerous condition of the mine roof and had confessed such knowledge.  Defendant then offered instructions submitting that question to the jury, and it was submitted in those given by the court, which required that the jury before finding for the plaintiff should believe that the defendant knew, and the plaintiff did not know, of the dangerous condition of the mine roof.

We are therefore clearly of the opinion that the defendant waived, and the verdict cured the defect in the petition.

The only complaints urged in brief for appellant not thus concluded, are based upon the theory that the court erred in instructing the jury upon the "safe place" doctrine rather than upon the theory that the place was made dangerous by the work the plaintiff was engaged in doing.

It is thoroughly established that the safe place doctrine does not apply ordinarily where the danger is created by the servant in doing the work he is engaged to do, but it is just as well settled that the safe place doctrine does apply, even where the danger is created by the servant in the progress of his work, if he is working under the direction of the master with either an express or implied assurance of safety. Ada Coal Co. v. Linville. 152 Ky. 2, 153 S. W. 21; Jellico Coal Co. v. Helton, 157 Ky. 610, 163 S. W. 744; Continental Coal Corp. v. York's Admr., 159 Ky. 334, 167 S. W. 131.

The facts of this case clearly bring it within the doctrine of the cases just cited, and the court did not err in instructing the jury to find for the plaintiff if they believed from the evidence the defendant failed to exercise ordinary care to furnish plaintiff a reasonably safe place in which to do his work, if defendant knew and plaintiff did not know the place was not reasonably safe; or in refusing to direct a verdict for the defendant upon the theory that the danger was created by the plaintiff in the work he was doing.

There was evidence, however, for plaintiff, that defendant's mine foreman and timbermen, after being notified by plaintiff of the condition of the mine roof, promised to timber it, and that the foreman directed him in the meantime to load out the fireclay already shot down. Upon the other hand, the evidence for the defendant is, that after plaintiff called attention to his roof, he was told to stay out from under it until it could be timbered. Under all the proof, the roof fell and hurt plaintiff while he was loading out the fireclay previously shot down, and shortly after he called the foreman's attention to his roof.

So the jury should have been instructed, but were not, on this, the real issue on the proof. No instruction was offered, however, correctly, or even directly, submitting this issue, but we have finally concluded that instructions 3 and 4, offered by defendant, sufficiently suggested the issue to require the court to submit it, and that

for this error, the judgment ought to be reversed, in order that this issue of fact—really determinative of the case—may be clearly submitted to and decided by the jury.

Wherefore, the judgment is reversed, and the cause remanded for a new trial consistent herewith.