TEXAS AND NEW ORLEANS RAILROAD COMPANY, Petitioners

V.

JAS. R. ALEXANDER ET AL, Respondents

No. A-8717.   Decided June 20, 1962
358 S.W. 2d 584

Keith, Mehaffy, McNichols & Weber, Beaumont, for petitioner.

Bill J. Sanders and Carl Waldman, Don Sanders and D. F. Sanders, Beaumont, for respondents.

JUSTICE CULVER delivered the opinion of the Court.

This suit was instituted by James R. Alexander, Tommy Pasley, Joseph Palique and Charles Worthy against The Texas and New Orleans Railroad Company to recover damages for personal injuries alleged to have been sustained by them as a result of the automobile in which they were riding being driven over and upon the defendant's railroad tracks at a point where there was no crossing and where the rails were exposed.

One of them, Charles Worthy, on his motion, was granted a non-suit. At the conclusion of plaintiff's testimony the court instructed a verdict in favor of the defendant, Railroad Company.

The Court of Civil Appeals has reversed and remanded, holding "that the evidence raised an issue to go to the jury as to whether appellee was negligent in failing to place a warning sign at the intersection of Franklin Street and the railroad tracks to warn oncoming traffic that the street did not continue straight across the tracks in a southerly direction." We are not in accord with that decision.

These respondents met in Beaumont, Texas, one evening and decided to proceed to Lake Charles, Louisiana. On arrival there they drove about the town, stopping at various places for food, drink and entertainment until about 4 o'clock the following morning. At that time they were driving south on Franklin, a paved street, which swerved slightly to the east before it reached the railroad right-of-way and the tracks. The driver of the automobile, proceeding at a rate of 30 to 35 miles per hour, failed to take note of this fact and drove directly forward upon the exposed rails. A railroad crossbuck warning sign was in place on the railroad right-of-way variously estimated at some 25 to 40 feet to the right of the roadbed of Franklin Street. An expert witness, a safety engineer, testified that the crossbuck sign was located 28 feet west of the Franklin Street crossing. He also testified that from the point where Franklin Street began to slant to the east, the distance to the nearest exposed rail, was 85 feet. There was a gravel street running east and west and parallel with the railroad right-of-way which intersected Franklin Street.

The Court of Civil Appeals was of the opinion that the position of this crossbuck sign tended to create an illusion to the automobile driver that the street continued directly across the tracks. The court points out, however, that this fact was not pleaded as a ground of negligence and therefore is one on which the respondents could not rely. Nevertheless the court holds that since the circumstances did create that illusion, whether the railroad company was negligent in failing to place a warning sign at the intersection of Franklin Street and the railroad tracks to warn that the street did not continue straight across the tracks, became a question of fact.

It is argued that the railroad company is obligated to maintain that part of a street lying within its right-of-way in a reasonably safe condition for the traveling public, and the company owes the duty to warn the public of any unsafe condition of the crossing. With that principle of law we do not disagree, but in the case here there was nothing unsafe about the crossing.

The change of direction in the street did not lie within the railroad right-of-way. The matter of laying out a street and determining its direction are matters within the sole control of the city. Just what warning sign the railroad could place at the intersection of its right-of-way and Franklin Street we do not know unless it would be another crossbuck sign and under the evidence in this case it is difficult to see how that would have warned the driver of this automobile that Franklin Street changed its direction prior to reaching the railroad right-of-way. As we understand the evidence in this case the negligence on the part of the railroad, if any, lay in creating an illusion rather than its failure to warn of the illusion. The principal case relied upon by the respondents is that of Darby v. N. O. T. & M. R. Co., 139 La. 213, 71 So. 490. In that case the railroad company had made an excavation across the public road and graded down the sides of the cut, but the approach to the crossing had not been kept in repair. There was a depression about 12 or 15 feet from the track apparently within the railroad right-of-way which went partially or wholly across the approach and the roadway had been so narrowed as to make the passage of vehicles unsafe. This case does not stand for the proposition that the railroad company must caution or warn the traveling public of a curve in the street that lies outside of the railroad's right-of-way or its control.

Moreover, in our opinion there is no evidence in this case that the location of the crossbuck sign, located some 28 feet west of the intersection of the railroad right-of-way and Franklin Street, created any illusion on the part of the driver of this automobile and its occupants that proximately caused this accident. The only testimony relating to any illusion created by the location of the crossbuck sign is that of Alexander, the driver of the automobile, in his deposition. He testified that he was driving between 30 and 35 miles per hour with his headlights turned on. In response to the question if he saw the crossbuck sign as he approached the railroad crossing he replied: "I saw it after I ran off the blacktop on the gravel, I saw it, and the way the sign was situated, there was all indication the road goes straight over the railroad track, but it didn't." The trial court sustained an objection to all of this answer except to that portion which was in response to the question, namely, "I saw it after I ran off the blacktop on the gravel." But regardless of the correctness of the trial court's action in this respect the answer is determinative of the fact that the location of the crossbuck did not cause Alexander to fail to follow and stay on Franklin Street as it made the change in direction. He had left Franklin and was headed for the exposed rails before he ever saw the crossbuck.

The Court of Civil Appeals quotes from the testimony of one of the parties, Pasley, as to the location of the crossbuck sign west of the crossing and its being lined up with telephone poles and structures along Franklin Street which caused him to think the street extended across the railroad tracks. But all this testimony relates to observations that this witness made in the daytime when he returned to take pictures of the scene. He testified that he did not see the crossbuck at any time prior to the accident and he himself was not aware that the automobile had left the traveled portion of Franklin Street until it came in contact with the exposed rails.

There being no evidence that any illusion caused the respondents to fail to proceed along the street on which they were traveling, there can be no basis for the holding that the evidence raised an issue of fact as to the negligence of the railroad company in failing to place some sign at the intersection of Franklin Street and the railroad right-of-way to warn the driver of the change in direction in the street. Under the evidence in this case we are of the opinion that the trial court properly instructed a verdict for the petitioner.

The judgment of the Court of Civil Appeals is therefore reversed and that of the trial court is affirmed.

Opinion delivered June 20, 1962.