The KANSAS CITY SOUTHERN RAIL-
WAY COMPANY, Appellant,

v.

Terry LEATHERWOOD, Appellee.

No. 7631.

Court of Civil Appeals of Texas,
Beaumont.

March 6, 1975.

Gilbert T. Adams, Jr., Beaumont, for appellee.

Bryan J. McGinnis, Beaumont, for appellant.

DIES, Chief Justice.

Plaintiff, Terry Leatherwood, brought suit against the Kansas City Southern Railway Company, defendant, alleging injuries received while driving across the latter's railroad crossing on Archie Street in the City of Beaumont. Trial was to a jury, which found for the plaintiff and from which the railroad appeals. The parties will be referred to as they were below.

Defendant admits the crossing in question was rough but contends that the liability issue was incorrect. (Points of Error Nos. 1 and 2). That issue inquired if defendant failed to maintain its Archie Street crossing in such a reasonable state of repair as a person in the exercise of ordinary care would have maintained. The essence of defendant's contention is that a railway corporation was granted by statute the right to cross a public road and had no such right at common law. The present Article 6320 of Vernon's Tex.Rev.Civ. Stat.Ann. (1926) which grants that right, contains this provision: " . . . but such corporation shall restore the . . . street . . . thus intersected . . . to its former state, or to such state . . . as not to unnecessarily impair its usefulness . . .." Defendant argues that the trial court should have submitted to the jury an issue to determine whether or not defendant violated its statutory duty "not to unnecessarily impair the use . . . ." of the street in question.

First, we hold this case is controlled by Tex.Rev.Civ.Stat.Ann., Article 1151 (1963) which states:

"Every railroad company in this State shall place and keep that portion of its roadbed and right of way over or across which any public street . . . may run, *in proper condition for the use of the traveling public.*" (Emphasis added)

■ Next, we hold that a railway company has a common law duty to use ordinary care in the maintenance of its crossings, which is the same duty imposed by Article 1151, by the use of the term "proper conditions." This is another instance in which the law imposes both a statutory and common law duty, and neither is exclusive.

Apparently, there are few cases passing specifically upon this question; however, Gulf, C. & S. F. Ry. Co. v. Woods, 262 S. W. 299, 232 (Tex.Civ.App.—Austin 1924, no writ), is one of the best. We find these statements:

"It was the duty of the railway company under the common law not only to restore the public road crossing to a proper condition, but to subsequently keep and maintain such crossing . . . in a safe and suitable state of repair. This is a continuing duty. . . . Nor do we think that article 6485 [now 6320] Revised Statutes, abrogates the common-law duty of the railway company in this state. Said article seems rather to declare the common-law rule than to modify or limit it. It is also true that, where a statute gives a remedy, it is only cumulative of the common-law remedy unless such statute either expressly or impliedly negatives or denies the right to the common-law remedy." (Citing cases)

See also Texas and New Orleans Railroad Co. v. Alexander, 163 Tex. 531, 358 S.W. 2d 584 (1962); Lee v. Gulf, C. & S. F. Ry. Co., 157 S.W.2d 424, 426 (Tex.Civ.App.— Austin 1941, no writ). See also Annot., 91 A.L.R.2d 10, 31 § 4 (1963). The challenged issue substantially submits this duty. Defendant's Points of Error Nos. 1 and 2 are overruled.

Defendant's third point complains of $15,000 awarded for physical pain and mental anguish, past and future, (S.I. No. 7) as being excessive and not supported by the evidence.

■ In the accident, plaintiff's mouth hit the steering wheel. One tooth was knocked out. He hurt his chest "real bad." He went to Baptist Hospital. His lip was cut, and his mouth throbbed and ached. He went to Dr. Sala who thereafter pulled five more teeth. During that time, he had difficulty eating. His remaining teeth were giving him problems at the time of the trial. He still had a knot in his lip. He is unable to eat apples or sandwiches, and the absence of his teeth is embarrassing. Some of his teeth are still loose.

Dr. Anthony S. Sala of Beaumont testified that when he first saw plaintiff he was considerably swollen, upper lip was lacerated and "extremely swollen, you might say in his upper lip." One tooth was completely knocked out. He had fractured three other teeth, and he had movement in all the remaining anterior upper and lower teeth. He had "fractured the cordical plate of the bone in which the teeth are embedded." He was placed on antibiotics for infection. He was in "an extreme amount of pain." Later he had to increase his pain medication. At various times the doctor extracted five teeth.

Plaintiff still needs a fixed "crown bridge on the upper and lower arch." The teeth on either side of the gap caused by the blow are too loose to hang the bridge requiring an extended splint.

We are unable to conclude from this summarized evidence that the figure awarded is excessive. Point of Error No. 3 is overruled.

Defendant's fourth and last point of error is that the award of $5,500 for future medical is excessive and not supported by the evidence.

■ Dr. Sala testified that to reconstruct and build the upper and lower arches would cost $2,646. That in reasonable probability the bridges would have to be replaced in about ten years. That the cost then would be higher. The doctor's testi-

**536**

mony does support the award for future medical expenses. Point of Error No. 4 is overruled. The judgment of the trial court is affirmed.

Affirmed.