## Louisville & Nashville Railroad Company v. Burch.

(Decided October 14, 1913).

### Appeal from Knox Circuit Court.

1. Pleading—When Petition Cured by Verdict—Instructions—Rail-Roads.—Failure in a petition by an employe of a coal company against a railroad company to charge that a car furnished by it for loading was in a defective condition when delivered to the coal company, was cured by the verdict where the instructions required before a recovery could be had that the jury must find the car defective when it left the custody of the railroad company.

2. Railroads—Furnishing Defective Cars—Personal Injuries.—A railroad company which furnishes a defective car for loading or unloading, is liable to the employe of the person to whom the car is furnished, if injury results to him; it is not necessary that the relation of master and servant should exist.

BENJAMIN D. WARFIELD and BLACK, BLACK & OWENS for appellants.

W. R. LAY, J. M. ROBSON for appellee.

OPINION OF THE COURT BY JUDGE TURNER—Affirming.

Appellee is an employe of the Interstate Coal Company in Knox County at its mines; he instituted this action against the appellants, L. & N. Railroad Company and Cumberland Railroad Company, for the recovery of damages for certain injuries to his arm received while he was engaged in opening the door of a box-car at the mines of the coal company preparatory to loading the same.

On the line of the L. & N. railroad in Knox County, at Artemus, there is a short railroad owned by appellant Cumberland Railroad Company running out a few miles to some coal mines. The Cumberland Company owns no coal cars of its own, but has an arrangement with the L. & N. Railroad Company by which when requisition is made on it for cars by the mine operators it notifies the L. & N. Company, and it in turn supplies the cars at Artemus where they are taken charge of by the Cumberland Company and delivered to the coal mines.

In July, 1911, under this arrangement an L. & N. coal car was delivered by that company to the Cumberland Company at Artemus, and delivered by it to the Interstate Coal Company near its mine and on its side-track. The day after the delivery of the car appellee, whose duty it was to prepare the cars for loading, undertook to open one of the side doors of the box car in which coal was to be shipped; he found the door already opened about twelve or eighteen inches, and first undertook from the ground to push it wide open so that it might be loaded; but being unable to do this, after several efforts he climbed into the car, put his shoulder against the door and undertook by his own strength and weight to push it wide open, whereupon the door gave way and he and the door fell out, the door falling on his arm and injuring it.

He recovered a verdict of $400, from which the two companies appeal.

Only two reasons for reversal are given, all others being expressly waived by appellant's brief; first, that the demurrer to the petition should have been sustained, and second, that a peremptory instruction should have been given.

The demurrer to the petition was based upon the ground that there was no specific allegation that the car was in a defective condition when it left the hands of the L. & N. Railroad Company or the Cumberland Railroad Company, and this is true; but on the trial the instructions required the jury before they could find for appellee to find that the condition of the car was defective and out of repair at the time it left the hands of both of the companies, and, therefore, the defect in the pleading was cured by the verdict.

The case of the L. & N. Railroad Company v. Freppon, 134 Ky., 650, was a case in which the carrier placed

at a factory a carload of coke to be unloaded; an employe of the factory, who had no connection with the railroad company, attempted to open the door of the car for the purpose of unloading it, the door fell on him and injured him; in the course of the opinion the court said:

"It is, however, earnestly insisted that the company owed no duty whatever to Freppon, and, therefore, was not responsible to him in damages for an injury sustained by reason of the defective condition of its car, however negligent it may have been in failing to discover and repair the defect. This argument is put by counsel upon the ground that Freppon at the time he was injured was not in the employment of the railroad company or performing any service for it, but was an employe of the extract company, to which the car had been delivered for the purpose of unloading; and that, as there was no contractual relation existing between Freppon and the railroad company, it was under no obligation to furnish him safe appliances or a safe place in which to work for the extract company."

And in the same case, after reviewing at length the authorities on the subject, the court concluded in these words:

"We have reached the conclusion that under the facts stated the railroad company owed a duty to the extract company and its employes to furnish the car in a reasonably safe condition to be unloaded and that under the evidence it failed to perform this duty."

The only difference between that case and this is that the railroad company owned the switch upon which the car was set for unloading, and in this case the coal company owned it. But the instructions in this case required the jury to believe before they could find for plaintiff that the car was in a defective condition when delivered to the coal company.

The jury was fully justified in believing from the evidence that several bolts were out of the door, and that the injury would not have occurred except for that. The question of contributory negligence upon the part of appellee was properly submitted to the jury, and we see no reason for disturbing the verdict.

Judgment affirmed.