## W. F. Robinson & Son v. Jones.

(Decided May 29, 1934.)

638

WITHERS & LISMAN and CARY, MILLER & KIRK for appellants.
CHAS. G. FRANKLIN AND J. W. POWELL for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Reversing.

Lonnie Jones brought this suit against W. F. Robinson & Son, a partnership composed of W. F. Robinson, Alvin Robinson, and Lem Waitman, to recover for injuries to his person and his automobile. From a verdict and judgment in his favor for $2,000, the defendants appeal.

The facts are these: Appellants are public road contractors, and were engaged in improving Highway No. 41. About 8 o'clock on the evening of April 9, 1931, they placed a steel turntable on the inside of a sharp curve on the highway at a point about half a mile from its intersection with the Providence road. The turntable weighed several tons, was about 9 feet wide, and according to the estimates of the witnesses was from 15 to 30 feet in length. The evidence is not clear as to how far it extended in the highway, or as to how much of the highway was unobstructed. According to some of the witnesses for appellee, the turntable occupied almost half of the traveled portion of the highway, leaving only enough room for a car to pass on the other side. According to other witnesses the turntable occupied but a small portion of the highway, and the highway was unobstructed for a distance of from 10 to 24 feet. During the afternoon preceding the accident appellee had traveled the road and there was no obstruction there. On his return appellee was accompanied by C. R. Pritchett, and they entered the highway from the Providence road. As they drew near to the place of the accident, and while driving about 20 or 25 miles an hour, they saw a car approaching from the opposite direction. The approaching car turned suddenly to the left and into the path of appellee. To avoid coming in contact with the car, appellee turned to his left and ran into the turntable. His car was practically destroyed, and he and his companion were seriouly injured. Appellee says that the driver of the other car stopped and asked him if he needed any help. On the other hand, Pritchett testified that the car did not stop. Appellee and his companion saw no light on the turntable, and Bart Gooch, who passed and saw the turntable about an hour before the accident, testified that there was no light on the turntable and no guard there. On the other hand, a man by the name of Howard Lacefield, who claims to have been following appellee for about two miles, although appellee and his companion say that they turned in from the Providence road only half a mile distant from the place of accident, deposed that he was only 200 yards behind appellee, that he saw a red light on the turntable, and that appellee was driving on the wrong side of the road and was going about 45 miles an hour. He also deposed that the lantern was knocked off and was under the turntable, and that the globe was broken. Comer Springfield deposed that they had no

lantern, and he went back to Nebo for one and borrowed it from Mr. Morrow. He took it back and one of the boys lighted it and set it up on the north end of the turntable. W. C. Shelton, appellants' bookkeeper, testified that a man by the name of Covetts came up with a light and he saw it placed on the turntable by a man by the name of Farmer. Charlie Jones testified that Mr. Springfield, the superintendent, brought a light, but Farmer placed it, he thought. J. Y. Farmer testified that he reached the turntable about 8 o'clock that night and he placed the light near about the middle of the turntable. He got the light from Mr. Springfield. L. W. Morrow testified that he loaned a light to appellant. J. Sam Johnson, state highway engineer, and Mr. Perkins, who accompanied Johnson, testified that they passed the turntable about 7:30 or 7:45 o'clock on the evening of the accident, and saw a light on the turntable. There was evidence that after the accident the lantern was found at the side of the road about 10 feet south of the turntable, that it had its globe on, was in good condition, and was so returned to Mr. Morrow.

While the weight of the evidence is to the effect that there was a light on the turntable, yet, in view of the evidence that appellee and Pritchett saw no light, and Bart Gooch's evidence that there was no light and no guard there, considered in the light of the conflict in the evidence as to who placed the light and as to where it was placed, and of the further evidence that after the collision, which must have been very severe, the lantern was found a few feet away and the globe was not broken, we are constrained to hold that the evidence that the turntable was unlighted was sufficient not only to take the case to the jury but to sustain the verdict.

One of the main contentions is that appellants were entitled to a peremptory instruction on the ground that the unlighted turntable was not the proximate cause of the accident, but that the accident was due to the independent intervening act of the driver of the alleged car approaching from the opposite direction in turning his car to the left and into the pathway of appellee. One who places an unlighted turntable in a public highway must anticipate that some injury may result although he may not anticipate the particular injury. If the turntable was unlighted, the situation was created by appellants. It was necessary for the approaching car to turn to the left in order to go around it. To avoid a collision

appellee claims that he turned to the left and ran into the turntable, which he did not see. It is true that, if an independent cause intervenes, which is of itself sufficient to produce the result, it is regarded as proximate cause, and the originator of the first cause is relieved from liability. Gaines' Adm'x v. City of Bowling Green, 235 Ky. 800, 32 S. W. (2d) 348. However, that is not the case. The act of the driver of the approaching automobile was not of itself sufficient to produce the result. Notwithstanding the act of the driver, no injury would have resulted had it not been for the presence in the highway of the unlighted turntable. There being evidence tending to show that the accident was the result of the act of the driver of the approaching car growing out of a situation which appellants had brought about, and of the negligence of appellants in failing to have a light on the turntable, there can be no doubt that the question of proximate cause was for the jury.

Instruction No. 1 is as follows:

"The defendants had the right to make reasonable use of the highway mentioned in the evidence for the purpose of moving, setting up and operating such road building machinery as was proper or necessary in the work of surfacing said highway, but in so doing and while said highway was yet open to use by the public, it was the duty of the defendants to use same in a reasonably careful and prudent manner, having regard for the safety of persons traveling thereon; and if they, the defendants, obstructed any portion of the travelled surface of said highway by placing thereon the turntable mentioned in the evidence, it then became their duty to exercise such reasonable care and prudence as would usually be exercised by ordinarily careful and prudent persons under the same or similar circumstances, to protect travelers on said highway from coming in contact or colliding with said turn-table.

"And if you shall believe from the evidence that the defendants failed to observe the said duties, or any of them, and that as a direct and proximate result of such failure, if any, the plaintiff's automobile was caused to be and was driven onto or against said turn-table, while plaintiff was exercis-

ing ordinary care for his own safety, and that he or his said automobile were injured or damaged thereby, you will then find your verdict for the plaintiff and award him damages as hereinafter directed.

"But unless you believe as above required you will find your verdict for the defendants."

The negligence relied on was "that defendants negligently and carelessly placed and left said turn-table on said highway at said time and place without lights thereon, and without anything to warn the traveling public of said highway of the presence of said turn-table on said highway." The case being one where the negligence was specified, that negligence and no other should have been submitted to the jury. Instead of doing that, the court authorized a recovery if the defendants failed to exercise reasonable care and prudence "to protect travelers on said highway from coming in contact or colliding with said turn-table"—thus leaving to the jury what means of protection should have been adopted and giving them the right to go beyond the negligence relied on. Doubtless there are cases where the employment of the word "protect" in an instruction is not prejudicial, as where the means or method of protection are specified in the instruction, but where, as here, the word is used by itself, unaccompanied by the means or method which it is claimed the defendants failed to use, we conclude that the term is entirely too broad and goes beyond a correct definition of their duty in the circumstances. We therefore hold the instruction prejudicial in that respect.

Another ground urged for reversal is that the court erred in refusing to permit one of the witnesses to testify that immediately after the accident he smelled liquor on appellee's breath. Appellee insists that the ruling was proper as the evidence was not sufficient to show intoxication. It is known of all men that the drinking of intoxicating liquor, though it be not done to the extent of actual intoxication, begets a spirit of recklessness, and is responsible for numerous accidents. After careful consideration of the question, we are constrained to hold that, in cases growing out of automobile accidents, evidence that the driver or drivers had been drinking should go to the jury in connection with the circumstances of the accident in order that the

jury may get a true picture of all that occurred and properly determine the questions of negligence and contributory negligence.

In the course of his deposition Lacefield testified as follows concerning Pritchett, appellee's companion:

"A. As soon as I got into Nebo, I drove up in front of a restaurant there. I got out and went around on his side of the car and when I opened the door, he fell out before I could catch hold of him. I wanted to take him to a doctor but he said he wanted to go home to his wife. I couldn't do anything with him and some of the fellows there got him and led him around. I don't remember after that whether they took him to a doctor or took him home.

"Objection. Sustained. Exception.

"Q. 37. Why were the fellows leading him? A. Because he was drunk."

Complaint is made of the exclusion of the answer, "Because he was drunk." Appellee insists that the action of the court was proper, as the answer was but a conclusion of the witness as to the mental attitude of those who were with Pritchett. The argument is not without some basis, but we are constrained to the view that, although the witness made the statement in answer to the question, "Why were the fellows leading him?" he meant to state as a matter of fact that Pritchett was drunk. We therefore conclude that the answer should have gone to the jury, not as substantive evidence, but accompanied by an admonition that it was admissible only on the question of Pritchett's credibility.

The case is one where the left side of the highway was not clear of all other traffic or obstructions, and did not present a clear vision for at least 150 feet ahead, and that being true it was the duty of plaintiff in rounding the curve to drive on the right side of the highway. Section 2739g-35, Kentucky Statutes; Stevens v. Potter, 209 Ky. 705, 273 S. W. 470, unless as claimed by plaintiff, and that is the sole basis of his right to recover, it was necessary, or was believed by him in the exercise of a reasonable judgment to be necessary, to turn to the left side of the highway in order to avoid a collision with the approaching car. As there must be another

trial, we are of the opinion that the following instructions will more clearly and succinctly present the issues to the jury, and that they should be given in lieu of instructions 1 and 2:

"No. 1. If you believe from the evidence that the turn-table obstructed the traveled portion of the highway and did not have on it a light reasonably sufficient to warn travelers of its presence, and that a car approaching from the opposite direction turned to the left and into plaintiff's pathway in order to pass around the turn-table, and that it was necessary or was believed by plaintiff in the exercise of a reasonable judgment to be necessary to turn to the left side of the highway in order to avoid a collision with the approaching car, and that the plaintiff while exercising ordinary care for his own safety turned to the left and drove into the turn-table, and was thereby injured, you will find for plaintiff; unless you so believe you will find for defendants."

"No. 2. Or, if you believe from the evidence that plaintiff, while rounding the curve and approaching the turn-table, was driving on the left side of the highway, or did not have his car under reasonable control, or did not keep a lookout, or did not use ordinary care in the management and control of his car, and that by reason of any one or all of said acts, if any, plaintiff contributed to his injuries to such an extent that but for which they would not have occurred, you will find for defendants."

Judgment reversed, and cause remanded for a new trial consistent with this opinion.