ORR v. JOHNSON, Adm'r.

No. 31633. June 20, 1944.

*149 P. 2d 993.*

Harry C. Kirkendall, of Enid, for plaintiff in error.

Simons, McKnight, Simons, Mitchell & McKnight, of Enid, for defendant in error.

HURST, J. On December 1, 1930, Laura Orr filed a suit in the district court of Garfield county against Will A. Orr for a divorce. On that same day Will A. Orr signed and filed in the action a general appearance and waiver of issuance and service of summons, reserving five days to plead or answer. On December 5, 1930, one day before the expiration of the five-day period, a divorce decree was entered and filed in the case in favor of Mrs. Orr, the decree reciting that the cause was heard on "this_____day of December , 1930." About four years thereafter, Mrs. Orr married Guy O. Loomis. On April 15, 1939, on the advice of her attorney that the first decree of divorce was irregular, Laura Orr Loomis secured a second decree of divorce in the same case. She died on September 3, 1942, owning con-

288

siderable property. Guy O. Loomis predeceased her.

On September 18, 1942, Orr filed this independent suit against the administratrix of the estate of Laura Orr Loomis, deceased, to vacate the first decree of divorce on the ground that it was void because entered prematurely, and later filed an amendment to his petition asking that the second decree of divorce be also vacated on the ground that it was void because the case was not set down regularly for trial and he was not notified that the case was to be heard. In his answer, the administrator denied that the decrees of divorce were void, and alleged that Orr filed no answer or other pleading in the case, that he knew at all times that the divorce had been granted in 1930, that he took no steps to vacate the same until the institution of this action after the death of his former wife, that he knew of her marriage to Loomis, and that he was guilty of laches and did not come into court with clean hands.

At the trial it was established that Orr employed no attorney to defend the divorce suit and filed no answer, that he learned of the entry of the first decree the day it was entered, that he knew of the subsequent marriage of Mrs. Orr to Loomis, that he had resided in Enid at all times since the first decree was entered, and that his purpose in filing this suit was that he might inherit a portion of the estate left by his former wife. The trial court entered judgment for the defendant, and from that judgment Orr appeals.

Since the present action was not commenced within three years after the entry of each of the divorce decrees, it is clear that the provisions of 12 O. S. 1941 § 1031, authorizing the vacation of judgments after term, do not apply. 12 O. S. 1941 § 1038. The plaintiff does not contend that said section does apply. His contention is that the decrees are void and may be vacated at any time. The last clause in section 1038 provides that a void judgment may be vacated at any time. The question, then, is whether the decrees are void so as to be subject to vacation in this independent action, commenced more than three years after the last decree was rendered. We think not.

We are committed to the rule that "a judgment rendered upon service of summons made for a time less than that required or before the day named in the summons by which defendant is required to answer is not void but irregular, and unless attacked in a manner provided by law will be upheld." Southwestern Surety Ins. Co. v. Dietrich, 68 Okla. 114, 172 P. 51; Burns v. Pittsburg Mortgage Investment Co., 105 Okla. 150, 231 P. 887. See, also, 34 C. J. 63, note 50; Freeman on Judgments (5th Ed.) § 1289. This was the rule in Kansas before we adopted our Code. Nelson v. Becker (1875) 14 Kan. 388; Mitchell v. Aten (1887) 37 Kan. 33, 14 P. 497. It follows that the first decree was not void because it was rendered prematurely. And, since there is no substantial difference between the first and second decrees, we need not determine the effect of the second decree.

In view of our decision that the first decree is not void, we need not discuss the defenses of limitations and laches.

Affirmed.

CORN, C. J., GIBSON, V. C. J., and OSBORN and BAYLESS, JJ., concur.