**LOUISVILLE & N. R. CO. et al. v. POWERS.**

**LOUISVILLE & N. R. CO. et al. v. HANEY et al.**
Court of Appeals of Kentucky.

Oct. 17, 1952.

As Extended on Denial of Rehearing
March 6, 1953.

C. S. Landrum and C. E. Rice, Jr., Lexington, for appellant Louisville & N. R. Co.

Ogden, Galphin & Abell, Louisville, for appellant Kentucky Rock Asphalt Co.

Caldwell & Robinson, Ashland, for appellees.

A. E. Funk, Atty. Gen., for Department of Highways.

WADDILL, Commissioner.

The Louisville & Nashville Railroad Company and the Kentucky Rock Asphalt Company appeal from two separate judgments for personal injuries rendered jointly against them in the amounts of $1,250 to the appellee, Powers, and $3,000 to the appellee, Haney. While their injuries occurred on different days, their causes and circumstances were so similar that the cases were consolidated for trial, and for purposes of this appeal may be regarded as identical.

The injury occurred as Haney, (and Powers in the other instance) an employee of the State Highway Department, was softening a carload of crushed asphalt with the use of steam so that it could be unloaded by hand shovel by another employee. The method used was to insert a rack of pipes called "needles" into the asphalt, then to force "live steam" through openings in the ends of the "needles" so that the heat would convert the asphalt into a somewhat more fluid state. Haney would push the "needles" through the asphalt to the bottom of the car, soften the asphalt, remove the "needles," move backward while standing on the surface of the material, and repeat the process, while another man shoveled the hot asphalt out of the railroad car into a truck.

Haney was severely burned when the crust on the surface of the asphalt gave way, causing him to sink into the hot compound. It was found that the crust had

given way because the fluid asphalt had leaked out of the car under Haney, leaving a void in the mass that did not support the crust with Haney's weight. The leak was due to a defect in the bottom of the gondola car which the jury found to have been in existence when the car was furnished by the L. & N. Although both the L. & N. and the Asphalt Company undertook to inspect the cars used for this purpose, neither discovered the defect. Both appellants knew the customary manner of unloading the asphalt from the cars and it was common practice for the Asphalt Company to patch holes in the cars with burlap or boards when they were discovered.

The substantial question raised by appellants is the issue of proximate cause. Other questions argued for reversal are: (1) The responsibility of the connecting carrier, and (2) the contributory negligence of appellee.

■ The argument advanced by appellants is the claim that their alleged negligence in furnishing cars unsafe for use in shipping asphalt and in loading the defective cars with asphalt and shipping them to a customer to be unloaded by known methods, was nevertheless not the proximate cause of the injury to appellee for the reason that the chain of cause and effect was broken by the intervening negligence of the State Highway Department as the immediate employer of appellees, in failing to inspect and observe the defect. It relies upon Louisville & N. R. R. Co. v. Franklin's Adm'r, 165 Ky. 595, 177 S.W. 457; Franklin's Adm'r v. Louisville & N. R. Co., 155 Ky. 594, 160 S.W. 162; and Logan v. Cincinnati, N. O. & T. P. Ry. Co., 139 Ky. 202, 129 S.W. 575. These authorities appear to support appellant's contentions, but do not represent the present weight of authority on the question. An intervening negligent act is no longer considered as breaking the chain of cause and effect, unless the intervening negligent act is the superseding cause. The present rule is stated and discussed in Hines v. Westerfield, Ky., 254 S. W.2d 728.

■ The causes of action asserted by the appellee were not based on an expressed contractual relation but no such relationship is necessary to create liability on the part of the appellants. Appellee bases his cause of action on the negligence and failure of appellants to furnish safe cars which they knew would be unloaded by the employees of the Department of Highways. In Franklin's Adm'r v. Louisville & N. R. Co., 155 Ky. 594, 160 S.W. 162, the court followed the rule adopted in the case of Louisville & N. R. Co. v. Freppon, 134 Ky. 650, 121 S.W. 454, a case similar to the instant one, and said [155 Ky. 594, 160 S.W. 165]:

"But we do not agree with counsel for the railroad company that a common carrier is relieved from the obligation of keeping its cars reasonably safe during the time they are being loaded or unloaded, merely because during such time they are under the control of the persons loading or unloading them, at least in so far as it may be necessary to perform this service. When a carrier delivers a car to a consignor to be loaded, or to a consignee to be unloaded, it must have the car in a reasonably safe condition for the purpose for which it is intended to be used. In the absence of an express agreement, the law will raise an implied contract to this effect, and, under and by virtue of this implied contract, a recovery for a breach of it may be had by any person injured while engaged in loading or unloading the car and exercising ordinary care for his own safety. The duties and obligations of a common carrier to the public are not suspended during the time that its cars are being used by its patrons for purposes of loading or unloading. When it delivers a car for this purpose and invites its customers to use it, it undertakes that the car is in a reasonably safe condition to be used for the purpose intended. * * It is true there was no contract relation between the railroad company and the employes of the coal company. There was no relation of master and servant, but the duty of the railroad company to exercise ordinary care to furnish a reasonably safe car for use by the coal company and its employes does not depend on the existence of any contract

relation, or grow out of the existence of the relation of master and servant. It rests upon the duty that a common carrier owes to persons having dealings with it, and whom it invites to use its cars, to exercise ordinary care to have them in suitable condition for the use intended, and to which it knows they will be applied. Louisville & Nashville R. Co. v. Burch, 155 Ky. 245, 159 S.W. 782."

 There was sufficient evidence from which the jury could find that the injury resulted to appellee because the asphalt flowed out through rusted holes in the bottom of cars and which were in existence when furnished by the L. & N. Railroad Company. Likewise, the evidence justified the court to submit to the jury the question of the Asphalt Company's negligence concerning its inspection and loading of the cars.

 The rule is well settled in this state that when there is evidence tending to establish a matter in issue the court should not grant a peremptory instruction but should submit the question to the jury under appropriate instructions. In Sydnor v. Arnold, 122 Ky. 557, 92 S.W. 289, quoting from the case of Milwaukee & Saint Paul Railway Co. v. Kellogg, 94 U.S. 469, 24 L. Ed. 256, the court said:

"The true rule is, that what is the proximate cause of an injury is ordinarily a question for the jury. It is not a question of science or of legal knowledge. It is to be determined as a fact, in view of the circumstances of fact attending it. The primary cause may be the proximate cause of a disaster, though it may operate through successive instruments, as an article at the end of a chain may be moved by a force applied to the other end, that force being the proximate cause of the movement, or as in the oft-cited case of the squib thrown in the market-place."

 The appellant, L. & N., attempts to pass responsibility for appellee's injury to its connecting carrier, apparently on the idea that the connecting carrier is presumed to have been negligent in not discovering in its "in transit" inspection of the cars, the holes in the floors of the gondolas which were loaded with asphalt. The rule as to the character of inspection a connecting carrier is required to make of cars received by it is stated in Louisville & N. R. Co. v. Williams, 95 Ky. 199, 24 S.W. 1 and in Brewer's Adm'x v. Louisville N. R. Co., 237 Ky. 71, 34 S.W.2d 949. Suffice it to say that the character of inspection that the connecting carrier was required to make of the cars in question would not have revealed the defects in the bottom of the cars which were at that time loaded with asphalt.

 The point is further made that appellee was guilty of contributory negligence sufficient to defeat a recovery, but the facts do not authorize this assumption. There is no evidence that appellee knew or had reasonable grounds to believe that the gondola cars were defective. The question of whether or not he failed to exercise ordinary care for his own safety was submitted to the jury under an appropriate instruction. Under the evidence we cannot say that appellee was guilty of contributory negligence as a matter of law. Therefore, we find no error in this respect.

The judgment in each case is affirmed.