## JORDAN v. MARSEE.

Court of Appeals of Kentucky.
March 13, 1953.

Wm. A. Hamm and Boyd F. Taylor, Jr., London, Kenneth H. Tuggle, Barbourville, for appellant.

Hiram H. Owens, Barbourville, for appellee.

MILLIKEN, Justice.

Appellee, Ann Marsee, instituted this action against appellant, Victor A. Jordan, to recover damages for personal injuries sustained while alighting from his automobile. The jury returned a verdict in her favor for $2,500. However, she remitted $1,000 and judgment was entered for $1,500.

At the noon lunch period on the date of the accident, the appellant drove the appellee, his secretary, to her apartment. She rode in the front seat of his car. He stopped the car in front of her home and she gathered her purse and a small package in her arms and opened the door on her side. The appellant did not assist nor observe her departure from the vehicle but instead observed the traffic preparatory to pulling out. The appellee testified that while she was in the act of getting out of the car, the door slammed when the appellant suddenly started moving the vehicle, and the tip end of her right forefinger was caught in the car door. The appellant testified that he heard the door slam and then started off. After the door slammed, the appellee said she shouted to him, but he drove off, taking with him the tip end of her finger which was lodged in the car door. The appellant did not learn of the accident until an hour later.

The appellant contends that he was entitled to a directed verdict because (1) the appellee failed to prove any negligence on his part, and (2) the appellee was guilty of contributory negligence as a matter of law.

An owner or operator of an automobile owes a guest the duty to exercise ordinary or reasonable care to avoid in-

juring him. Beard v. Klusmeier, 158 Ky. 153, 164 S.W. 319, 50 L.R.A.,N.S., 1100; 5 Am.Jur., Automobiles, Section 230, page 626. In other words, a host must exercise that degree of care and caution which an ordinarily prudent person would exercise in the same or similar circumstances. This same rule applies with equal force when a host discharges his guest. A host must give a guest a reasonable time and opportunity to alight and depart from the vehicle. The appellant admits that he did not even look to see whether the appellee had safely gotten out of the way before he drove off. In the circumstances, we believe that the question of appellant's negligence was one for the jury.

The appellant's contention that the appellee was guilty of contributory negligence as a matter of law is without merit. Contributory negligence is ordinarily a question for the jury, but if there is no controversy about the facts and only one conclusion may be fairly drawn from the evidence, the question is one of law for the court. Bybee v. Shanks, Ky., 253 S. W.2d 257. The appellee testified that she did not shut the door on her finger, but that it shut because of the movement of the vehicle caused by the appellant. The appellant testified that he heard the door slam and then started moving his car. Since there is a conflict in the evidence, we believe the question of contributory negligence was one for the jury.

The appellant also contends that the damages awarded were excessive. As heretofore noted, the jury awarded the appellee $2,500, which was reduced to $1,500 on motion of appellee's counsel. Appellee's counsel stated that this was done because he was unable to get his client's attending physician to testify because he was out of town. He was fearful that the court would hold the jury verdict excessive in the absence of any medical testimony in the record. The appellee testified that she lost two-thirds of the first bone of her right forefinger; that she endured great pain and suffering; that she has difficulty in typing; that her speed has been cut one-third; that she makes more mistakes now than she did before the accident; that the injury has had a detrimental effect on her shorthand in that she has to hold her pencil between her thumb and middle finger; and that her earnings have been cut in half because of the accident.

Considering the permanency of the injury to the appellee, her pain and suffering, her occupation and all the other circumstances, we do not believe that the judgment as reduced by the remitter was excessive.

The judgment is affirmed.