STATE CONTRACTING & STONE
COMPANY, Inc., et al., Appellants,

v.

Agnes FULKERSON et al., Appellees.

STATE CONTRACTING & STONE
COMPANY, Inc., et al., Appellants,

v.

Aline THOMPSON et al., Appellees.

STATE CONTRACTING & STONE
COMPANY, Inc., et al., Appellants,

v.

Nancy CLARK, by Next Friend, B. J. Clark,
et al., Appellees.

Court of Appeals of Kentucky.

March 9, 1956.

William L. Wilson, Wilson & Wilson, Owensboro, for appellants.

Ridley M. Sandidge, Byron, Sandidge & Holbrook, Owensboro, Nathan B. Cooper, Owensboro, for appellees Agnes Fulkerson, Aline Thompson, and Nancy Clark.

Richard Robertson, Robertson & Robertson, Owensboro, for appellee Herman Fogle.

MONTGOMERY, Judge.

These actions arose from the operation of an automobile by appellee Herman Fogle as he swerved to avoid the road roller of appellant, State Contracting & Stone Company, Inc., operated by its employee, appellant Charles G. Morris. Fogle's car struck and injured three women, appellees Agnes Fulkerson, Aline Thompson, and Nancy Clark. Actions for damages were filed against appellants. Appellee Fogle was a third party defendant. The cases were consolidated for the purpose of trial. Verdicts against appellants were returned in favor of Agnes Fulkerson for $2,000, Aline Thompson for $2,500, and Nancy Clark for $2,500. Appellee Fogle also received a verdict against appellants in each case.

Appellants contend that: (1) the court erred in submitting the case to the jury; (2) the instructions were erroneous; and (3) a continuance should have been granted because of the absence of a material witness.

The injuries complained of were sustained at a place called Clark Hill on the Warrentown Road about one-half mile south of St. Joseph in Daviess County. The accident occurred about 3:30 p. m., on September 23, 1953. Shortly prior thereto, appellant company had been engaged in blacktopping a section of highway about one mile in length, traversing Clark Hill.

The work of applying the blacktopping material had been completed two or three days before the accident, and the men and road equipment engaged had been moved to another job. No activities had been conducted for at least two days preceding the day of the accident.

All that remained to be done to the road was a final rolling to smooth out furrows in the surface created by traffic. For this purpose, a single roller had been left nearby. Appellant Charles G. Morris, an employee, had been sent back by appellant company to do the final rolling on the afternoon of the accident and was so engaged when the accident occurred. The road was not closed to traffic, and the evidence indicated that at the time of the accident the work had the appearance of a completed, though fresh, blacktopping job.

There were no signals, flags, or other warning at or near the scene of the work on the day of the accident. The evidence for appellees was positive that during the blacktop operation of some days previous no warning signs had been posted on or about the job. The operator of the roller said that he helped to place a sign at the south end of the work when it was commenced, but on cross-examination, he could not recall the language of the sign, how long the sign had remained, or whether any other signs had been erected. Two other witnesses for appellants recalled seeing some sort of sign, but neither could remember the language of the sign.

Appellee Fogle testified that he was driving northwardly about forty miles per hour on the Warrentown Road and had just reached the crest of Clark Hill from the south side when he saw the roller moving backward toward him, about eighty-five to one hundred feet away and in his lane of traffic. The roller completely obstructed the northbound lane. The road at this point passed through a narrow cut in the hill. He said there was no room to pass to the right of the roller and that he turned his automobile into the left lane in order to avoid a collision. As he did so, he became aware for the first time of three women standing in a group on the west side of the roadway, about twenty-five to seventy-five feet from the roller. In an attempt to avoid them, he tried to turn shortly back into the right lane, but his left rear tire hung onto the left shoulder of the blacktop to the point of collision with the women.

Appellants contend that the trial court erred in failing to direct a verdict for them. They urge that: (1) there was no negligence of appellants shown; (2) the proximate cause of the injury to each claimant was the negligence of appellee Fogle; and (3) the claimants were each guilty of contributory negligence as a matter of law.

It was contended that the operation of the road roller furnished only the condition or occasion of the injury and was not the proximate cause of the injury, relying upon Suter's Adm'r v. Kentucky Power & Light Co., 256 Ky. 356, 76 S.W.2d 29, and similar cases. The Suter case involved an automobile parked in a driveway so that the car extended three or three and one-half feet into the traveled portion of the highway. A partially-filled ditch across the street was complained of in Gaines' Adm'x v. City of Bowling Green, 235 Ky. 800, 32 S.W.2d 348. The ditch was insufficiently guarded and improperly lighted. In Stevens' Adm'r v. Watt, 266 Ky. 608, 99 S.W. 2d 753, a disabled truck was parked to the right of the center of the road. The traveled part of the road was eighteen feet wide. Proper flares and other precautions had been used. The condition complained of in Winders' Adm'r v. Henry Bickel Co., 248 Ky. 4, 57 S.W.2d 1009, was a concrete conveyor placed across the sidewalk, blocking the sidewalk and one-half of the roadway. A parked car protruding upon the traveled part of the road was concerned in Hines v. Westerfield, Ky., 254 S.W.2d 728. In each of these cases, it was held that the defendant was entitled to a directed verdict because the circumstance was considered as a condition or occasion which was not the proximate cause of the injury.

In the cases relied on, there was a single stationary or static condition which

could or should have been seen by the claimant in time to avoid the injury. In the present case, there is more than one circumstance on which to base the negligence of appellants as the proximate cause of the injuries. The road roller was a vehicle moving slowly backwards, obstructing entirely the wrong traffic lane, unseen over the crest of the hill, and without adequate, or any, warning. Its location on the highway was such as to be unexpected and without timely opportunity for discovery. Its position on the traveled part of the road at the place where there was no chance to leave the blacktop surface left only one lane of traffic as the avenue of avoidance. The operation of the road roller by appellants under the circumstances created a hazardous situation on the highway which distinguishes it from the conditions in the cases cited.

The cases cited by appellants hold that proximate cause is to be determined as a fact in view of the circumstances attending it. See also Beiser v. Cincinnati, N. O. & T. P. Ry. Co., 152 Ky. 522, 153 S.W. 742, 43 L.R.A.,N.S., 1050. Ordinarily, proximate cause is a question of fact for the jury. Louisville & N. R. Co. v. Powers, Ky., 255 S.W.2d 646.

■ It is the duty of a road contractor to provide and maintain adequate and appropriate notice of hazardous conditions arising from the highway construction work. Commonwealth v. Bowman, 267 Ky. 50, 100 S.W.2d 801; York v. Cumberland Construction Co., 312 Ky. 797, 229 S.W.2d 970. Viewed in the light more favorable to the appellants, the evidence of warning signs was conflicting. The facts in this case make a stronger showing of negligence on the part of appellants than the facts in Hunt-Forbes Construction Co. v. Jordan's Adm'x, 250 Ky. 455, 63 S.W.2d 501; W. F. Robinson & Son v. Jones, 254 Ky. 637, 72 S.W.2d 16; and Bosshammer v. Lawton, Ky., 237 S.W.2d 520. In those cases, the question of proximate cause was left to the jury to determine. We think that the creation of a dangerous situation by appellants and the conflicting evidence

as to warnings were sufficient to create a question of fact for the jury as to whether there was negligence on the part of appellants which was the proximate cause of the injuries claimed.

■ It also is urged that the proximate cause of the injury to each claimant was the negligent operation by appellee Fogle of the automobile which struck the women. The failure of appellee Fogle to sound his horn, lessen the speed of his car upon approaching the crest of the hill, maintain a lookout ahead, and keep his car under control was urged as negligence which was the proximate cause of the injuries. It was a question for the jury to determine whether the injuries were brought about by the operation of the road roller or the automobile. Unless the facts are not in controversy and only one conclusion can be drawn fairly from the evidence, the question is for the jury to decide whose negligence is the proximate cause of the injury. Jordan v. Marsee, Ky., 256 S.W.2d 25; Stanley v. Caldwell, Ky., 274 S.W.2d 383. The question of proximate cause was properly submitted to the jury for determination.

■■ Appellants also contend that the claimants were guilty of contributory negligence as a matter of law, in that they violated KRS 189.570(6, 7), requiring pedestrians to walk on the left side of the highway, and forbidding the standing in a roadway to solicit a ride, respectively. We find no merit in such contentions. The evidence established that there was a very narrow space between the blacktop and the ditch. The women were standing near the west edge of the highway. Two of the claimants were standing together, facing north, and the other claimant was standing just north of them, facing east. One of the claimants saw the Fogle car as it was driven into its left lane, but she said there was insufficient time for her to get out of the way of the automobile or to warn the others. The other women did not see the car. The court instructed the jury that it was the duty of each claimant to exercise ordinary care for her safety. No greater

duty was required of them under the facts of this case. Saddler v. Parham, Ky., 249 S.W.2d 945; Sweeney v. Schadler, Ky., 259 S.W.2d 680.

■ The court did not err in failing to give an instruction requiring the claimants to keep a lookout for cars approaching from behind them in the wrong traffic lane. The rule is stated thus in Pryor's Adm'r v. Otter, 268 Ky. 602, 105 S.W.2d 564, 566:

"What that degree of care requires that he should do before attempting to cross the street is a matter to be determined by the jury without being pointed out in the instructions."

■ The instruction defining proximate cause was the usual instruction and included "The element of time and space is not a part of the definition of proximate cause and is only material insofar as it shows or fails to show causation." Appellants complain that such portion of the instruction was prejudicial, but this instruction has been approved. City of Louisville v. Hart's Adm'r, 143 Ky. 171, 136 S.W. 212, 35 L.R.A.,N.S., 207; Newton v. Wetherby's Adm'x, 287 Ky. 400, 153 S.W.2d 947. See also Stanley's Instruction to Juries, Section 641, page 830.

■ At appellants' request after the accident, a civil engineer surveyed and platted the road in the vicinity of the accident. Appellants were denied a continuance because of the unavoidable absence of this witness, of which they complain. It is contended that the witness was important to testify as to physical facts, distances, and measurements. The map was permitted to be filed and was explained in detail by other witnesses. No subpoena was issued or served upon the absent witness. Under the circumstances, the trial court did not abuse its discretion in denying the continuance because of the absence of this witness. North River Insurance Co. v. Dyche, 163 Ky. 271, 173 S.W. 784.

Judgments affirmed.