[Civ. No. 10619. Third Dist. Oct. 3, 1963.]

ALBERT V. ZANCANER, Plaintiff and Respondent, v. LOUISVILLE AND NASHVILLE RAILROAD COMPANY, Defendant and Appellant.

Hagar, Crosby & Rosson and Richard Logan for Defendant and Appellant.

Molinari, Casalnuovo & Berger and Joseph L. Casalnuovo for Plaintiff and Respondent.

SCHOTTKY, J.—This is an appeal by the Louisville and Nashville Railroad Company from an order setting aside a summary judgment.

The action was brought by Albert V. Zancaner to recover damages for injuries suffered when a railroad freight car

door fell upon him while he was in the process of opening it. Zancaner sued the delivering carrier, Southern Pacific Company, and Louisville and Nashville Railroad Company, the initial carrier of the railroad car. Each answered the complaint and denied negligence.

Louisville and Nashville thereafter, on February 5, 1962, noticed a motion for summary judgment to be heard on February 23, 1962. In support of the motion affidavits were filed by various officials and employees of the railroad. These affidavits show that the freight car was delivered under load to the Baltimore and Ohio Railroad Company on July 17, 1960; that the car went to several connecting carriers and was finally delivered to the Southern Pacific Company; that the car was inspected before delivery and no exceptions were taken to the condition of the car; that the inspection included an examination and checking of the doors, door guides at the top of the doors, door bottom tracks, door stops, and door fastener; and that the car and all its parts, including its doors and related mechanism, were free of defects and in good mechanical condition and repair.

The record shows the following minute order on February 23, 1962:

"Hearing of notice of motion and motion for summary judgment. The plaintiff is not present in Court or represented by counsel. The defendants are represented in Court by counsel David Rust of the firm of Hagar, Crosby and Rosson. Counsel David Rust presents his motion for summary judgment and argument in support of same.

"The matter stands submitted. The plaintiff is given 30 days to file counter affidavit; the defendant will be given an opportunity to reply."

The following minute order was made on the morning of March 26, 1962:

"Hearing of motion and motion for summary judgment. The plaintiffs are [sic] not present in Court or represented by counsel. Defendant, Louisville and Nashville Railroad Company, is represented by counsel David C. Rust of the firm of Hagar, Crosby & Rosson. Counsel David Rust presents his motion for summary judgment in accordance with the notice of motion on file, and presents his argument in support of same.

"The motion is granted on the basis of lack of counter-affidavit."

However, plaintiff Zancaner's affidavit in opposition to the

motion for summary judgment was filed later in the day on March 26, 1962. It stated in part that while Zancaner was in the process of opening the freight car door at the premises of his employer the door came off of its track and fell upon him and that he "was not negligent in any manner in connection with this accident."

Thereafter plaintiff made a motion to set aside the summary judgment on the grounds "that the Counter Affidavit of Plaintiff was mailed to the Court prior to the date set for hearing; and that on the ground of mistake, inadvertence, surprise or excusable neglect; and that there are triable issues of fact; and that this motion is in the interest of justice."

This motion was argued by respective counsel, and the court made an order setting aside the summary judgment heretofore granted and defendant Louisville and Nashville has appealed therefrom.

█ An order setting aside the summary judgment is appealable. █ A motion to vacate a judgment made under the provisions of section 473 of the Code of Civil Procedure which is granted is treated as a special order after final judgment and is appealable. (3 Witkin, Cal. Procedure, Appeal, p. 2170.)

Appellant concedes that the trial court had the right under section 473 of the Code of Civil Procedure to reconsider the motion for summary judgment and in that connection to give full credence to the declaration of plaintiff, but contends most earnestly that the declaration of plaintiff presented no meritorious defense to the motion for summary judgment and that for this reason plaintiff's motion under section 473 should have been denied.

█ It is well settled that before relief may be granted under section 473 it must be made to appear that if the judgment were set aside and the proceeding reopened a different result would probably follow. (*Sunru Chang* v. *Carson Estate Co.,* 168 Cal.App.2d 110, 113 [335 P.2d 697]; *Yurkas* v. *Zampatti,* 75 Cal.App.2d 493, 498 [171 P.2d 455]; 29 Cal. Jur.2d, Judgments, § 138.)

The primary question that we must determine upon this appeal is whether upon the record here a summary judgment can be sustained.

█ Section 437c of the Code of Civil Procedure provides for summary judgment if the action has no merit. "At the outset it should be observed that there are several pertinent

fundamental principles which should be observed in the application of and procedure under section 437c. The issue to be determined by the trial court in consideration of a motion thereunder is whether or not defendant has presented any facts which give rise to a triable issue or defense, and not to pass upon or determine the issue itself, that is, the true facts in the case. [Citations.] If that were not true, controversial issues of fact would be tried upon affidavits by the court and not a jury." (*Eagle Oil & Ref. Co.* v. *Prentice*, 19 Cal.2d 553, 555-556 [122 P.2d 264].)

It is not necessary that the counteraffidavits prove anything. All that is necessary is that they disclose evidence supporting a possible cause of action. The purpose of the summary judgment procedure is not to try issues but merely to determine whether there are issues to be tried. (2 Witkin, Cal. Procedure, p. 1715.)

We have here a freight car door which fell on an employee of the consignee when he attempted to open it. The defense by the initiating carrier is that an inspection was made and no defects were observed and that the door and its appurtenances were in good operation. Do these assertions lead to an issue of fact? One may be inferred. Freight car doors do not ordinarily fall when they are opened. One may therefor infer there was a defect in the door or its frame.

The initiating carrier had the duty to an employee of the consignee to furnish a door in good repair. The fact that it may have made an inspection would not absolve it of liability. Whether the inspection was adequate would be decided by the standard of care a reasonable and prudent man would exercise under the same or similar circumstances. (*Wabash Railroad Co.* v. *Hartog*, 257 F.2d 401, 406.) Whether such care was used is, of course, normally a question of fact.

On the question of duty of an initiating carrier to an employee of a consignee, Prosser states in his work on Torts (2d ed.) pages 143, 144, that a carrier who turns over a defective car may not leave it to the connecting carrier to inspect for the benefit of employees who may be hurt. He further states at page 512: "[T]he prevailing view is that the obligation of a railway company to make reasonable inspection of its cars before supplying them extends to the employees of a shipper, of a consignee, and of a connecting carrier." (See also 2 Harper & James, The Law of Torts, § 28.2, pp. 1536, 1537; *Chicago & N. W. Ry. Co.* v. *Chicago, R. I. & P. R. Co.*, 179 F.Supp. 33; *Louisville & N. R. Co.* v.

*Burch,* 155 Ky. 245 [159 S.W. 782].) The reason for the rule imposing liability is that one should be held liable for the consequences of its own wrongful or negligent acts or omissions. The negligence of a later party does not excuse the former from liability for injuries resulting from negligence. (*Moon* v. *Northern Pac. R. Co.,* 46 Minn. 106 [48 N.W. 679], employee of a connecting carrier; see also Rest., Torts, §§ 392-393.)

We are convinced that the affidavits show that there are issues of fact to be determined and that the granting of summary judgment cannot be sustained. We are convinced also that the trial court entered its order for summary judgment on March 26th, before plaintiff's affidavit was filed and before the time for such filing had expired. This was inadvertent since it was a premature entry and was properly set aside. (*Whitney* v. *Superior Court,* 147 Cal. 536 [82 P. 37].)

The order setting aside the summary judgment is affirmed.

Pierce, P. J., and Friedman, J., concurred.