395 P.2d 477

LUCKY FRIDAY SILVER–LEAD MINES COMPANY, a corporation, Plaintiff-Respondent,

v.

ATLAS MINING COMPANY, a corporation, Defendant-Appellant,

and

J. W. Greenough, non-appearing Defendant.

No. 9420.

Supreme Court of Idaho.

Sept. 23, 1964.

Ware, Stellmon & O'Connell, Lewiston, and Hamblen, Gilbert & Brooke, Spokane, Wash., for appellant.

Charles E. Horning, H. J. Hull & Sons, Wallace, for respondent.

McFADDEN, Justice.

On December 6, 1962, this action was instituted by respondent Lucky Friday Silver-Lead Mines Company, a corporation, to quiet title to lode mining claims, as against appellant Atlas Mining Company, a corporation, and J. W. Greenough, its president. Service of summons was completed the same day.

The record shows that on December 13, 1962, a petition for removal was filed by appellant in the United States District Court for Idaho, Northern Division, pursuant to provisions of 28 U.S.C.A. § 1446, and a certified copy of the petition for removal in this action was filed the same day in the State District Court.

The United States District Court determined that it did not have jurisdiction of the action, and on January 14, 1963, entered its order remanding the action to the State District court. A copy of that order, certified by the Clerk of the United States District Court on January 15, 1963, was filed in the State court January 17, 1963.

Pursuant to respondent's request of January 16, 1963, the appellant's default was entered the same day in the State court. Pursuant to respondent's request appellant's default was again entered the next day, January 17, 1963.

On January 18, 1963, the respondent appeared before the State District Court and, at the conclusion of proof presented, the State court entered a default judgment in favor of respondent, quieting title to the mining claims as against the appellant.

On January 21, 1963, appellant moved to dismiss respondent's complaint for failure to state a claim upon which relief can be granted, and also moved to vacate the default judgment. Appellant at the same time tendered for filing its answer, and later tendered its amended answer. After hearing on the motion to vacate the default

judgment, the trial court entered its order denying appellant's motion from which order this appeal was taken.

Three errors are assigned, all directed to the entry of the order denying appellant's motion to vacate the default judgment. However, by reason of the conclusions reached, only the first assignment of error will be discussed. By this first assignment, it is asserted the trial court erred in denying appellant's motion because the time for entry of a default had not expired, at the time the default was entered and the judgment taken.

Appellant contends that upon the action being removed to the United States District Court the time within which it had to appear and plead to the complaint in the State court was tolled.

■ The Federal statutes governing removal of actions from State courts to the Federal courts provides:

28 U.S.C.A. § 1446.

"(a) A defendant or defendants desiring to remove any civil action or criminal prosecution from a State court shall file in the district court of the United States for the district and division within which such action is pending a verified petition containing a short and plain statement of the facts which entitle him or them to removal together with a copy of all process,

pleadings and orders served upon him or them in such action." * * *

"(d) Each petition for removal of a civil action or proceeding, except a petition in behalf of the United States, shall be accompanied by a bond with good and sufficient surety conditioned that the defendant or defendants will pay all costs and disbursements incurred by reason of the removal proceeding should it be determined that the case was not removable or was improperly removed.

"(e) *Promptly after the filing of such petition and bond the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the petition with the clerk of such State court, which shall effect the removal and the State court shall proceed no further unless and until the case is remanded.*" (Emphasis supplied.)

28 U.S.C.A. § 1447.

" * * *

"(c) If at any time before final judgment it appears that the case was removed improvidently and without jurisdiction, the district court shall remand the case, and may order the payment of just costs. A certified copy of the order of remand shall be mailed by its clerk to the clerk of the State court. *The*

*State court may thereupon proceed with such case."* (Emphasis supplied.)

These provisions preclude the State courts from entertaining jurisdiction or authority to proceed with an action once the procedural steps have been taken for its removal to the Federal court. State ex rel. Allis-Chalmers Mfg. Co. v. Boone Circuit Court, 227 Ind. 327, 86 N.E.2d 74 (1949); Lowe. v. Jacobs, 243 F.2d 432 (5th Cir. 1957); Hopson v. North American Ins. Co., 71 Idaho 461, 233 P.2d 799, 25 A.L.R.2d 1040; Bean v. Clark, 226 Miss. 892, 85 So.2d 588 (1956); Levine v. Lacy, 204 Va. 297, 130 S.E.2d 443 (1963); State ex rel. Gremillion v. N.A.A.C.P., La.App., 90 So.2d 884 (1956); Beleos v. Life and Casualty Insurance Co. of Tenn., 161 F.Supp. 627 (U.S. Dist.Ct.S.Car.1956); Garden Homes v. District Court of Sommerville, 336 Mass. 432, 146 N.E.2d 372 (1957); Dauenhauer v. Superior Court, 149 Cal.App.2d 22, 307 P.2d 724 (1957); Allen v. Hatchett, 91 Ga.App. 571, 86 S.E.2d 662 (1955).

In Hopson v. North American Ins. Co., supra, this court construed the provisions of the above quoted provisions of the federal statute, amendatory of former 28 U.S. C.A. § 72. This Court was confronted with the question of the authority of a state court to enter a default judgment for failure to answer when the time for appearance had expired subsequent to the time the petition for removal to the federal court had been filed. The default judgment therein was entered while the cause was still in the federal court and before it was remanded to the State court. Therein this court stated:

"By providing in Section 1446 that taking such procedural steps effects the removal of the cause to the Federal Court, which is not found in the earlier Act, Congress has thereby expressly effected the removal of the cause to the Federal Court irrespective of the ultimate determination of the question as to whether or not it is removable; *it is not thereafter in the State court for any purpose until and unless the cause is remanded; for that reason the State court is expressly prohibited from proceeding further until and unless it is so remanded;* under Sec. 72 the removal was never accomplished unless it was a cause removable; under the present Act removal is accomplished and jurisdiction attaches in the Federal Court even though it may be subsequently determined that it should be and is thereafter remanded. Removability is no longer a criterion which gives or denies validity to the proceedings in the State court while a petition for removal to the Federal Court is pending; any such proceedings in the State court under the present act are not sanctioned; they are prohibited.

" * * *

"We hold that under 28 U.S.C.A. § 1446, a case is removed from the jurisdiction of the State court upon a compliance with the procedural steps therein set forth for all purposes until and unless it is subsequently remanded to such State court; that until and *unless the case is remanded no valid proceedings can be taken in the State court at any time following the filing of such petition* and bond and giving notice thereof to all adverse parties and filing a copy of the petition with the Clerk of the State court; *furthermore, that any action so taken in the State court thereafter and prior to remanding the cause to such State court, will have no force or effect.*" (Emphasis supplied.)

The Court thus held that the State court had no jurisdiction to enter a default and judgment while the case was still pending in the Federal District court.

Hopson v. North American Ins. Co., supra, is distinguishable on a factual basis from the present action. In the Hopson case default was entered while the cause was pending in the Federal District Court. In the present action, no default was entered while the cause was pending in the Federal court, but was entered after it was remanded to the State court.

A case factually closer to the instant action is Dauenhauer v. Superior Court, 149 Cal.App.2d 22, 307 P.2d 724 (1957), where-in the State court entered a default judgment the day following remand from the Federal court. The California Appellate Court, relying upon Hopson v. North American Ins. Co., supra, held that jurisdiction of the State court was suspended while the action was pending in Federal court, and stated:

" * * * when the cause was remanded to the respondent court by the federal court, the state of suspension theretofore existing terminated, and plaintiff had the unexpired time theretofore given him within which to file his demurrers and motions to strike. Since all this appeared upon the record of respondent court, the clerk was without authority to enter the default, and his attempt to do so was a nullity."

In Allen v. Hatchett, 91 Ga.App. 571, 86 S.E.2d 662 (1955), under a factual situation comparable to Dauenhauer v. Superior Court, supra, the court reached the same conclusions, stating:

"In the instant case the jurisdiction of the State court was suspended until the case was remanded to it by the Federal court, at which time the State court resumed jurisdiction and the case stood as it did at the time of removal. Therefore, where the case was removed to the Federal court 22 or 23 days after service of process, when the case was

remanded to the State court it was not in default, * * *".

The foregoing authorities recognize that after an action has been removed to a Federal court, the State court is without jurisdiction to act further in the cause. All state proceedings, in the State court are held in abeyance until the cause is remanded back from the Federal Court. While the cause is before the Federal court, the State court has no jurisdiction or authority to receive any pleadings in the cause nor can it issue any orders concerning the cause. The State court has no jurisdiction so to act—the situation is as though it had never been filed therein. Thus the period of time the cause is before the Federal court, cannot be considered in computing the time within which the appellant had to appear and plead to the cause. I.R.C.P. 12(a).

The instant action was filed on December 6, 1962, removed to the Federal court on December 13, 1962, and remanded January 17, 1963. The default of January 17, 1963, and the default judgment of January 18, 1963, were consequently premature. Price v. Brimacombe, 58 Nev. 156, 72 P.2d 1107, 75 P.2d 734 (1937); Orr v. Johnson, 194 Okl. 287, 149 P.2d 993 (1944); Pedro v. Vey, 150 Or. 415, 39 P.2d 963, 46 P.2d 582 (1935). Appellant's January 21, 1963, Motion to vacate the default judgment was timely filed. The default, on timely motion, must be set aside *as a matter of right.*

Batchelor v. Palmer, 129 Wash. 150, 224 P. 685 (1924); Tiffin v. Hendricks, 44 Wash.2d 837, 271 P.2d 683 (1954); Paramount Publix Corporation v. Boucher, 93 Mont. 340, 19 P.2d 223 (1933); Harris v. Minnesota Inv. Co., 89 Cal.App. 396, 265 P. 306 (1928); Dallman County Bank v. Burnside, 31 N.M. 537, 249 P. 109 (1926).

Respondent urges that before a default judgment prematurely entered can be set aside on motion, there must be a showing that appellant had a meritorious defense to respondent's complaint, and in addition urges that the facts alleged in the appellant's answer and amended answer do not set forth a meritorious defense.

As a general rule a default will not be set aside nor will a judgment by default be opened and vacated unless the defendant presents a meritorious defense to the action with his motion to vacate. State ex rel. Sweeley v. Braun, 62 Idaho 258, 110 P.2d 835; Voellmeck v. Northwestern Mut. Life Ins. Co., 60 Idaho 412, 92 P.2d 1076; 49 C.J.S. Judgments § 336 a, p. 642. However, when a default judgment is entered before a defendant's time to answer has expired, there is no need to present a meritorious defense. The reasoning for such a rule is well expressed in Batchelor v. Palmer, 192 Wash. 150, 224 P. 685, 687 (1924).

"The remaining question is whether the appellants were entitled to a vacation of the order and judgment without

the showing of a meritorious defense to the action. Reasoning from the provisions of the Practice Act, it would seem that the question would hardly admit of any other than an affirmative answer. By the terms of the act a defendant in an action has a full 20 days after the service of summons upon him in which to appear therein before it can be legally claimed that he is in default. * * * He may appear in any one of several ways; that is to say, he may answer, demur, make an application for an order therein, or give the plaintiff written notice, after which time he is entitled to notice of all subsequent proceedings. * * *. This being his absolute right, it would seem to follow that he can do so without let or hindrance. * * * When, therefore, the plaintiff takes a judgment against a defendant before the time has expired in which the defendant has the right to appear, whether by intent or by inadvertence it is a wrong against the defendant. It is also the wrong of the plaintiff; and it is a maxim of the law, as old as the law itself, that no one may reap an advantage by his own wrong, and to permit a plaintiff to deprive a defendant of his right freely to appear by a premature entry of a judgment would be to permit him to reap an advantage by his own wrong."

Tiffin v. Hendricks, 44 Wash.2d 837, 271 P. 2d 683 (1954); English v. Smith, 71 Wyo. 1, 253 P.2d 857 (1953); McGinnis v. Beatty, 28 Wyo. 328, 204 P. 340 (1922); Orr v. Johnson, 194 Okl. 287, 149 P.2d 993 (Okl. 1944); Crane v. Crane, 121 Cal. 99, 53 P. 433 (1898); Foster v. Vehmeyer, 133 Cal. 459, 65 P. 974 (1901); Pinon v. Pollard, 69 Cal.App.2d 129, 158 P.2d 254 (1945).

■ The lower court erred in entering default judgment prior to expiration of the time appellant had to answer or plead, I.R. C.P. 12(a), and in denying appellant's motion to vacate the judgment. While an answer was submitted to the court by appellant, it is our conclusion that under this record, appellant was entitled to have the default and judgment set aside without any showing of meritorious defense. While respondent would have this court, at this time rule upon the defenses set out by appellant, the trial court has not as yet had an opportunity to rule thereon; better practice is for the trial court first to make this determination.

The order of the trial court denying appellant's motion to vacate the default judgment is reversed, and the cause remanded; appellant shall be allowed such time to plead as the trial court deems proper.

Costs to appellant.

McQUADE, TAYLOR and SMITH, JJ., and FELTON, D. J., concur.