Michele Sue **LEWIS**,
Appellant/Petitioner,

v.

**ARBUCKLE WILDERNESS, INC.**,
Appellee/Respondent.

No. 67832.

Supreme Court of Oklahoma.

Oct. 4, 1988.

Joanne LeBlanc Verity, Oklahoma City, for appellant.

Reggie N. Whitten, Robert B. Mills, Oklahoma City, for appellee.

SUMMERS, Justice.

Defendant's Motion for Summary Judgment in this slip and fall case was sustained by the trial court. Plaintiff appealed and the Court of Appeals affirmed. We have previously granted certiorari. Because the trial court's judgment for the defendant was granted prematurely we reverse and remand without being able to address the merits of defendant's Motion.

This appeal turns mainly on a review of certain dates of events. Those are as follows: On August 29, 1986 defendant filed its Motion for Summary Judgment. On September 9th and 11th plaintiff filed her Affidavit in Objection and Response to the Motion. On September 12, 1986 that Motion was overruled by the trial court as being untimely filed.[1] The trial, which had been scheduled for September 17, was continued on defendant's motion to December 9, 1986.

On November 17, 1986 defendant filed a second motion for Summary Judgment, similar to the earlier motion in most respects though not identical. The motion was served on plaintiff's counsel November 18. On December 2, 1986, within the fifteen days allowed by Court Rule,[2] plaintiff

---

1. The untimeliness was that the Motion was served less than 20 days before trial date. Rules of the District Court, Rule 13 a.

2. Rules of the District Court, Rule 13 b, allow the party opposing such motion 15 days after service of the Motion to file a Response.

filed her Response to the Motion. The trial court in the meantime, however, had on December 1, 1986 entered an Order sustaining the motion for Summary Judgment and dismissing plaintiff's case. It is from that December 1st Order that plaintiff appeals, and it is because of that Order's date in the sequence of things that we have found it necessary to grant certiorari.

■■■ A judgment rendered before the time has expired during which the defendant is required to answer is premature. *Orr v. Johnson,* 194 Okl. 287, 149 P.2d 993 (1944). It is not void for that reason, but rather is irregular and voidable, and is subject to attack in the manner provided by law. *Orr v. Johnson,* supra. Plaintiff has timely invoked the jurisdiction of this court to inquire into the alleged prematurity of the summary judgment pronounced herein.

All parties concede that the terminal Order was entered prior to the expiration of the time within which plaintiff was authorized by law to respond. Defendant's principal argument on appeal is that the court had sufficient information on which to rule. The plaintiff had already responded once to an earlier Motion, and that response was still available to the court on December 1, as was the plaintiff's deposition. According to defendant "the Court could anticipate, therefore, that appellant's (plaintiffs') response to appellees (defendant's) November Motion for Summary Judgment would be, and in fact it was, substantially the same as her response to appellee's September Motion for Summary Judgment." (appellee's brief p. 3)

In *Knell v. Burnes,* 645 P.2d 471 (Okl. 1982) we considered a somewhat similar situation. In that case at the close of the trial on May 15, 1980, the trial court took the matter under advisement and advised counsel that they could file briefs within five days. At plaintiff's request, the court granted an extension of time until May 27, 1980 in which plaintiff could file a brief. When plaintiff filed his brief on May 27, 1980, he discovered that judgment had already been entered earlier in the day for

his opponent. The plaintiff appealed. This Court reversed and remanded, holding:

"The relief sought is for the premature entry of the judgment after the proceedings had ended and the matter taken under advisement....

The rendition of a premature judgment is an irregularity which may be vacated under § 1031(3) if the rights of the party have been prejudiced because of a failure to adhere to the established rules or mode of procedure in the orderly administration of justice. (citing *Glick v. Glick,* 372 S.W.2d 912, 915, Mo.1963; *Chenoweth v. LaMaster,* 342 S.W.2d 500, 502 (Mo.App.1961); *Whitney v. Superior Court,* [147 Cal. 536], 82 P. 37, 38 (Cal. 1905)). In *Zancaner v. Louisville & Nashville R.R. Co.,* 220 Cal.App.2d 836, 34 Cal.Rptr. 143, 146 (1963), it was held that judgment was entered prematurely when the court entered summary judgment in the morning of the thirteenth [3] day of a thirty-day period previously allowed for the entry of a counteraffidavit and the counteraffidavit was filed in the afternoon. Likewise, a judgment should be set aside when it is prematurely entered before examination of solicited briefs of the parties after the case has been taken under advisement...." *Id.* at 473

■■■ We do not believe that due process is satisfied by a court's "anticipation" of what a later timely filed response would offer, even where the anticipation may be later shown to have been accurate. In *Knell,* supra, at p. 474 we observed that *"... The appearance of justice is often as important as the proper administration of justice.* The purpose and policy of the law is that a judge should afford to every person legally interested in a proceeding the full right to be heard according to law. If the court sets a deadline when a case will be decided, and the opportunity to present authority to support the litigant's position is denied by premature entry of judgment, the judgment should be vacated upon a time-

---

**3.** "Thirteenth" appears as result of clerical error in this court. In *Zancaner* it is recited that the judgment was entered on the morning of the *thirtieth* day. 34 Cal.Rptr. at 144.

ly application to do so." (Emphasis added).

Because the trial court sustained the defendants' Motion for Summary Judgment before the plaintiff's timely Response to that Motion was filed we hold the Order of December 1, 1986 to be premature and therefore invalid. That Order and judgment is set aside, the opinion of the Court of Appeals is vacated, and the case remanded to the District Court of Oklahoma County for further proceedings.

HODGES, SIMMS, OPALA, ALMA WILSON, KAUGER and SUMMERS, JJ., concur.

HARGRAVE, V.C.J., and LAVENDER, J., dissent.